## SOUTHERN RAILWAY COMPANY *v.* CLARIDAY.

There was some evidence authorizing an instruction on the subject of permanent injuries. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment refusing to grant a new trial.

Argued January 20,—Decided February 19, 1906.

Action for damages. Before Judge Fite. Gordon superior court. July 29, 1905.

Henry Clariday brought suit against the Southern Railway Company, and alleged: He purchased a ticket over the defendant's line of road from Rome to Oostanaula, and boarded a passenger-train for that point. As the train neared Oostanaula, the porter approached plaintiff, lamp in hand, and said, "Now follow me." Plaintiff followed the porter out upon the platform, and down upon the bottom step of the car. The train had slowed up, and when the porter said, "Now step off," plaintiff attempted to alight. Just as he did so, the porter waved his lamp at the engineer in a signal to go ahead, and the train was started with a sudden jerk, which threw the plaintiff to the ground, inflicting permanent injuries. In his testimony he detailed the injuries he received. The injury occurred two years before the trial, at the date of which he was sixty-seven or sixty-eight years old. His injuries were in the back, ankle, and leg. He testified that his back still hurt him, his ankle at times swelled so that he could not walk, and his leg hurt him all the time. He had been earning fifty cents a day and his board, prior to the injury. Since that time he could not work more than

an hour or two at a time.     He was in bed three weeks immediately after the injury.     The jury found in his favor $350.     The defendant moved for a new trial upon the general grounds, and assigned error upon certain portions of the charge of the court in reference to computing the damages if the jury found that the plaintiff had been permanently injured, contending that there was no evidence to show permanent injuries, and nothing to justify such a charge. The motion was overruled, and the defendant excepted.

*Shumate & Maddox* and *Cantrell & Ramsaur,* for plaintiff in error.     *W. R. Rankin,* contra.

COBB, P. J.     (After stating the foregoing facts.)     The petition alleged that the plaintiff had been permanently injured.     The evidence in support of these allegations consisted of the plaintiff's testimony detailing the injuries he had received, the extent to which he still suffered from them, his earnings previous to, and his ability to labor after, the injury.     Other witnesses testified to his inability to work since his injury.     Would such evidence warrant a charge on the subject of permanent injuries?     Permanent injuries may be proved either by the opinions of physicians or by proof of facts from which a jury would be authorized to infer that the injuries were permanent.     Expert opinion is not a requisite to establishing this kind of injury.     When a plaintiff has proved the loss of a limb, no further evidence is necessary to show the permanent nature of the injury.     The inference of permanency may arise from proof of physical injuries which do not involve the total destruction of parts of the body.     When bodily hurts are proved, and the effect of them upon the person injured both as to the pain he has suffered and his inability to labor by reason of them, especially when these consequences have continued for two years, and the person injured has reached the advanced age of sixty-seven or sixty-eight years, we think a jury would be authorized in finding that the injuries were permanent.     Such was the evidence in the present case.     It is true that the plaintiff did not himself testify that his injuries were permanent.     His opinion on that subject would have had no value.     The facts upon which he would have based any such opinion were before the jury, and the jury were as competent as he could have been in determining this question.     It was said by this court, in *Macon St. Ry. Co.* v. *Barnes,* 113 *Ga.* 212 : "The jury saw

Barnes and heard his recital of his injuries and his condition at the trial. They may have preferred to follow their own judgment as to his chances of complete recovery than to accept as absolutely reliable the theory of medical experts who expressed the opinion that he would ultimately regain his former strength and vigor, but according to whom this most desirable condition might be postponed for years." See also *Atlanta Street Railroad Co.* v. *Walker,* 93 *Ga.* 462; *Macon Railway Co.* v. *Streyer,* 123 *Ga.* 279. We think the question of the permanency of the injuries to the plaintiff was properly submitted to the jury.

There was evidence in behalf of the plaintiff which authorized the jury in finding that the allegations of the petition were proved, and that the plaintiff would be entitled to a recovery. Stress is laid by counsel for plaintiff in error upon the fact that the plaintiff's own testimony showed he had attempted to alight from a moving train and was thereby injured, and that this was such a lack of care and diligence upon his part as would prevent him from recovering. Several cases were cited in support of this position, among them being *Blodgett* v. *Bartlett,* 50 *Ga.* 353, *Sanders* v. *So. Ry. Co.,* 107 *Ga.* 132, and *East Tenn. Ry. Co.* v. *Hughes,* 92 *Ga.* 388. It is unquestionably true that if a person attempt to alight from a moving train, when the danger of injury from such an act is obvious, so doing is such a lack of ordinary care and diligence as to bar a recovery. The mere fact that a person is injured while alighting from a moving train will not bar a recovery, but it is a question for determination by the jury whether, under all the circumstances, an ordinarily prudent person would have done such a thing. *Coursey* v. *So. Ry. Co.,* 113 *Ga.* 299; *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 226. There was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*