41324. NATIONAL UPHOLSTERY COMPANY v.
PADGETT.
41325. NATIONAL UPHOLSTERY COMPANY v.
PERKINS.

Submitted May 3, 1965—Decided June 1, 1965—
Rehearing denied June 14, 1965.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for plaintiff in error.

*Barrie L. Jones,* contra.

Russell, Judge. ■ Where civil cases were consolidated for trial by consent of counsel it was held in *Ellis v. Geer,* 36 Ga.

App. 519 (1) (137 SE 290), over complaint of the defendants that each was entitled to six peremptory challenges that the defendants jointly were entitled to only six strikes. In felony cases under a single indictment where one defendant might be convicted and the other acquitted, and the defendants do not elect to sever, each is entitled to his full number of challenges, and the State to half as many. *Butler v. State,* 92 Ga. 601 (19 SE 51). While there is some diversity of authority on the permissible number of challenges where actions by two plaintiffs against a single defendant are consolidated for trial (in which connection see 136 ALR Anno., p. 417), the question arose in Keplin v. Hardware Mutual Cas. Co., 24 Wis. 2d 319 (129 NW2d 321), on exception of the *plaintiffs* at having to share three peremptory challenges, a like number being granted the defendant. The court held: "Although there is a distinction between two cases being consolidated into one action and being consolidated for trial, we think in the absence of adverse interest the plaintiffs in the several cases consolidated for trial may be treated as one party." The exception in this case is by the single *defendant,* on the consolidation by consent for trial of actions by two plaintiffs, one a guest passenger and the other the personal representative of a deceased guest passenger of an automobile which collided with its truck, the exception being grounded on the fact that each side was allowed six challenges whereas it contends it should have had six as to each of the plaintiffs. The single defendant would under no circumstances be entitled to more challenges than the total of those awarded to the separate plaintiffs, and as a matter of fact the defendant makes no showing that it exhausted the number allotted to it. Since the court's decision was, if anything, favorable to the defendant by treating the *sides,* rather than the *parties* equally, it cannot under these circumstances complain.

■ A plaintiff who has sued two defendants on a joint and several cause of action may *pendente lite* voluntarily dismiss his petition against one of them and give a covenant not to sue without effecting a settlement of the case as to the other defendant. *Register v. Andris,* 83 Ga. App. 632 (64 SE2d 196); *Otis v. Wren Mobile Homes, Inc.,* 111 Ga. App. 649 (143 SE2d 8). The instrument, being in writing and plain and unam-

biguous in its terms, will not by parol evidence be construed to mean something other than its plain intendment. The covenant not to sue the host driver who was dismissed as a party to this action recites that "it is entered into for the purpose of avoiding litigation and . . . the undersigned expressly reserves the right to sue any other person or persons against whom she may have any claim on account of damages arising out of the above described accident." The covenant will not be construed to have been intended as an extinguishment of the cause of action against the remaining defendant simply because the plaintiff, a minor with no legal experience, when asked on cross examination by the defendant's attorney whether it was not his intention to settle the case with his host driver, replied, "Yes, sir, I reckon." Padgett, we may feel sure, had no knowledge whatever of the legal consequences of effecting a settlement or release of the entire claim as opposed to a covenant not to sue a particular party, and to impute such an intent to him in the face of the language of the instrument would be nothing short of ambush.

■ Complaint is made that the court expressed an opinion as to the value of the life of the other plaintiff's decedent by stating the plaintiff's contentions as follows: "The petition is brought by the petitioner as the mother of the deceased child to recover of the defendant the full value of the life of such child, as provided by the laws of this state, the full value of the life of Linwood Bennett, Jr., deceased, being $500,000, which she says she is entitled to recover." He also stated: "She brings this petition for the full value of the life in the amount of $500,000," and followed this by comprehensive instructions on how the value of the life of the decedent should be determined by the jury. The verdict was for only a small fraction of this amount. The jury could not reasonably have been misled into believing that the court was instructing them that the value of the decedent's life was to be taken as stated in the petition.

■ As to special ground 4 of the amended motion for a new trial, complaining of seven isolated excerpts from the charge, no error is shown because (a) they were followed by other excerpts from the charge contended to be incorrect but on which error is not assigned, or (b) because one of the excerpts may have

been defective, where other excerpts contained in the same ground were not subject to the defect. These assignments of error are not good. *Hunt v. Williams,* 104 Ga. App. 442 (3) (122 SE2d 149); *Cole v. Pepsi-Cola Bottling Co.,* 65 Ga. App. 204 (3), 211 (15 SE2d 543).

■ Instructions on future pain and suffering were excepted to on the ground there was no issue before the jury and no evidence "that Edwin Donald Padgett will suffer any 'further' mental and physical pain or suffering." It appeared from the evidence that the injuries occurred December 11, 1962. The trial was held November 17, 1964, almost two years later. The plaintiff testified that he was in the hospital for two weeks, that he suffered head and leg injuries, that he had and continues to have headaches, that at times they pain him as much as when he was in the hospital, that his leg still sometimes swells up and "just hurts and gives out on me and I have to quit and rest." His physician testified that the cuts had healed and did not look serious to him at the time; that with a joint injury you cannot say whether it could cause permanent disability because it would be hard to say how much trouble it might cause in the future. A jury may, from testimony that a plaintiff has been injured and that at the time of trial, approximately two years later, he is still suffering from such injuries, find that he will be subject to future pain and suffering although there is no positive medical evidence as to permanency. *Southern R. Co. v. Clariday,* 124 Ga. 958 (53 SE 461). The charge was not error for any reason assigned.

■ "It was not necessary or proper for the trial judge in instructing the jury to repeat in immediate connection with each proposition of law charged all the qualifications and exceptions applicable to it. To require him to do so would so lengthen and complicate the charge as to render it impossible to ever charge the jury fully and completely." *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 320 (124 SE2d 479). Negligence against this defendant was alleged in parking its truck along the highway without displaying lights as required by *Code Ann.* § 68-1710 (b), which states that when there is not sufficient light to reveal objects within a distance of 500 feet on the highway at night, a parked vehicle shall "display a red light visi-

ble from a distance of 500 feet to the rear of the vehicle." The court charged: "If you determine from the evidence that there was a red light on the rear of such truck visible for a distance of 500 feet, then, with respect to the plaintiff's allegation of negligence that there was no such light, you would be authorized to find in favor of the defendant . . . On the other hand, should you find from the evidence that there was no such light mounted on the rear of the truck as required by law you would be authorized to find for the plaintiff . . . Should you determine that the defendant was negligent in parking such truck without lights as I have charged you, you would be authorized to find in favor of the plaintiff." He further instructed them that negligence to be actionable must be the proximate cause of injury, and that failure on the part of a plaintiff to exercise ordinary care for his own safety would bar recovery, and further stated that "*Code* § 68-1710 (a) excepts a vehicle lawfully parked upon a street or highway from the controlling provisions relating to required lighting in the event there is sufficient light to reveal a person or object within a distance of 500 feet." The instructions were not incomplete either as to the exception to the lighting requirement, or as to the rules of law regarding proximate cause and failure to exercise ordinary care.

■ Every presumption and inference is in favor of the legality of the verdict. *Code* § 110-105; *Housing Auth. of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881 (5) (87 SE2d 671). It is contended that the judge erred, when he gave the form of verdict to the jury as "We the jury find in favor of—" etc. that he omitted to instruct them the verdict must be unanimous. No request was made for the instruction; there is no indication that the verdict was not in fact a unanimous verdict, and the defendant did not, as it might have done, request a poll of the jury to ascertain this fact. As stated in *Southern Exp. Co. v. Maddox,* 3 Ga. App. 223, 224 (59 SE 821) quoting *Smith v. Mitchell,* 6 Ga. 456: "It is the right of each of the parties, that each juror should agree to the verdict—without this it is no verdict. Not only so, but it is their right to *know* that each juryman has agreed upon the verdict. The only question is, how is it to be ascertained that the jury has agreed?

I reply, it is the duty of the court to see to it that each juror agrees to the verdict and it is within his discretion [in civil cases; for a poll of the jury can be demanded as a matter of right in criminal cases] to adopt such means as the law and the usage of the courts allow to ascertain that fact." Counsel for either side may of course also request that the jury be polled. *Taylor v. Taylor,* 195 Ga. 711 (9) (25 SE2d 506).

While this assignment of error goes in the first instance to a failure to charge, to sustain it would have the effect of declaring the verdict void on the ground that it was not, or might not have been, a legal verdict, and the presumption is that it was a legal, and therefore a unanimous, verdict. The movant has the burden of showing both error and injury. If the verdict was unanimous although the court erred in instructing the jury to this effect, the error would be harmless. If it was not unanimous, the movant might have showed this fact by polling the jury (or at least by requesting that the jury be polled, and then if the court refused a different case would be presented). Having failed to do so, he has not by the means at his command shown any injury to himself and has waived the right to object in this court.

■ "Where it appears that a plaintiff was injured or damaged through the negligence of two or more tortfeasors whose negligence is not imputable to the plaintiff and which concurs in constituting the proximate cause of such injury or damage, recovery may be had against any one or all of such tortfeasors. In determining whether or not alleged acts constitute negligence, questions as to diligence and negligence, including what negligence constitutes proximate cause of the injury, are peculiarly for the jury . . . Where a jury question is otherwise presented as to whether the concurrent negligence of two defendants caused the plaintiff's injuries, the issue will not be resolved as a matter of law in favor of one defendant because the other defendant failed to exercise due care to avoid the consequences of such defendant's negligence." *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (2) (91 SE2d 135).

The jury was authorized to find from the evidence in the case that White, with whom Padgett and Perkins were traveling as guest passengers, was driving at a speed of 25 to 30 miles

per hour within the city limits of Alma, Ga., in the center of the right side of the highway. The defendant's tractor-trailer combination was parked parallel to the right curb of the highway, without rear lights at night, when fog or mist obscured the visibility of the area. White stopped at a red traffic light marking intersecting 16th Street, then proceeded down the highway, waving to a passer-by. He did not see the parked truck which was about 400 feet south of the traffic signal and the right front portion of his automobile crashed into the left rear of the trailer. While the defendant contends that the sole proximate cause of the collision was the negligence of the host driver in failing to avoid this vehicle, it was a jury question whether White's failure to observe the parked tractor trailer under the existing impaired conditions of visibility was not due in part at least to the defendant's negligence in failing to have lights as required by law. "The causal connection between an original act of negligence and injury to another is not broken by the 'intervening' act of a third person, if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrong-doer." *Williams v. Grier*, 196 Ga. 327 (2a) (26 SE2d 698). White's negligence, of course, was not imputable to his passengers, and there is no evidence that they as such passengers failed to exercise ordinary care for their own safety.

The trial court did not err in overruling the motions for new trial.

*Judgments affirmed. Felton, C. J., and Jordan, J., concur.*