## A92A0385. HARRIS v. STRICKLAND.
### (421 SE2d 91)

CARLEY, Presiding Judge.

Appellant-plaintiff's son was killed while operating a tractor on appellee-defendant's farm. Appellant filed suit, alleging that appellee had been "negligent in furnishing defective machinery to [her son] and [that appellee had] failed to warn [her son] of said defective condition." See OCGA § 34-7-20. In specific, appellant's complaint alleged that "the seat on the tractor detached resulting in [her son] falling from the tractor" to his death. Appellee answered and the case was tried before a jury. A verdict in favor of appellee was returned and appellant appeals from the judgment that was entered on that verdict.

1. Appellant enumerates as error the giving of a charge on legal accident.

"Although it has been recognized that a charge on legal accident is potentially confusing to juries and is redundant of the general principles of negligence law, 'Georgia has not discarded accident as a proper subject for jury instructions. . . . [Cits.]'" *Tolbert v. Duckworth*, 202 Ga. App. 873 (415 SE2d 911) (1992), cert. granted April 24, 1992. However, "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" (Emphasis in original.) *Chadwick v. Miller*, 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983). There were no witnesses to the events which led to the death of appellant's son. The circumstantial evidence was such as to authorize a finding that the death was the proximate result of either the negligent maintenance of the tractor by appellee or the negligent operation of the tractor by appellant's son. However, such a finding was not demanded. The circumstantial evidence would also authorize a finding that the death was the proximate result of negligence on the part of neither appellee nor appellant's son. Appellant's son may simply have lost control of the tractor and fallen through no fault of his own and as the result of no defect in the tractor itself.

When the death was discovered, the seat of the tractor was detached and appellant attributes this to negligent maintenance by appellee and urges that detachment of the seat precipitated her son's fatal fall. However, the evidence did not demand a finding that the

detachment of the seat preceded the fall or contributed thereto. The detachment of the seat may simply be the subsequent result of the driverless tractor careening out of control or of the tractor's ensuing crash into a tree. If appellant's son merely fell and if the tractor was only subsequently damaged, the death would be the result of no one's negligence. Accordingly, "we do not find this a case where the legal theory of accident is inappropriate, as where the evidence demands a finding that the injury resulted from the negligence of either the plaintiff or a defendant, as might be the case, for example, where at an intersection collision both sides admit that access is controlled by a traffic light, and each contends that the other litigant ran the red light." *Chastain v. Fuqua Indus.*, 156 Ga. App. 719, 723-724 (4) (275 SE2d 679) (1980). Accordingly, it was not error to give a charge on the principle of legal accident over appellant's objection that such a charge was not authorized under the evidence.

Appellant further urges that, if a charge on the principle of legal accident was otherwise authorized under the evidence, the charge that was actually given by the trial court erroneously defined that principle. In the trial court, appellant's only objection was that "we don't think [the charge] is a correct statement [of] the law on [legal] accident." Assuming, without deciding, that this was not a mere general objection preserving nothing for appellate review (but see *Harper v. Ga. &c. R. Co.*, 140 Ga. App. 802, 804 (7) (232 SE2d 118) (1976)), the charge on legal accident, as phrased by the trial court, would not constitute reversible error. Compare *Cohran v. Douglasville Concrete Prods.*, 153 Ga. App. 8, 10-11 (1) (264 SE2d 507) (1980).

Appellant's remaining contentions regarding the giving of a charge on legal accident were not raised below and present nothing for review on appeal.

2. At trial, evidence was adduced which would authorize a finding that, through wear and tear, the seat of the tractor had become latently defective and that, although appellee knew or should have known of that latent defect, he did not warn appellant's son of its existence. Accordingly, the trial court charged on appellee's potential liability pursuant to OCGA § 34-7-20. See *Cochrell v. Langley Mfg. Co.*, 5 Ga. App. 317 (3) (63 SE 244) (1908). Pursuant to OCGA § 34-7-23, the trial court also charged that, "where it appears from the evidence that the employee has *equal means* with his employer of knowing the *defects in machinery* and the dangers of employment and the danger is as *apparent* to the employee as it is to the employer, the employee is not entitled to recover." (Emphasis supplied.) Appellant enumerates the giving of this charge as error.

It is undisputed that the only alleged defect in the seat of the tractor was latent and not patent. There is no evidence that appellant's son had actual knowledge of the allegedly defective tractor seat.

There is no evidence that inspecting the tractor was a part of the assigned duties of appellant's son. *Owensby v. Jones*, 109 Ga. App. 398, 399 (4) (136 SE2d 451) (1964). It follows, therefore, that the trial court erred in giving the charge on the "equal means" of appellant's son of knowing of the alleged defect in the tractor seat. *International Cotton Mills v. Carroll*, 22 Ga. App. 26 (1a, b) (95 SE 472) (1918); *City of Atlanta v. Trussell*, 21 Ga. App. 340, 349 (3) (94 SE 649) (1917). "Whether [appellant's son] had the same opportunity as [appellee], of knowing of the defects [in the tractor seat] alleged and proved, would depend upon the character of such defects, — whether they were latent or patent. Where the defect is superficially discernible or plainly apparent to the eye, the servant has the same opportunity of seeing it and knowing of it as the master. But if the defect is latent, the master would be held bound to discover the fact sooner than the servant, because the duty of inspection rests on the master, and not on the servant. In a case of latent defects, — those which are only discoverable by proper inspection, — the master is necessarily held to a higher standard of conduct than the servant, since the master owes to the servant the duty of inspection. [Cits.] . . . Therefore, if [appellant's son] was under no duty to inspect the [seat of the tractor], he can not be held impliedly to have known of [its allegedly] defective condition and to have assumed the risk." *Cochrell v. Langley Mfg. Co.*, supra at 324 (3).

This charge instructed the jury on a defense that, under the evidence, was not available to appellee. If appellee was not liable, it clearly would *not* be because the evidence authorized a finding that appellant's son had "equal means" of knowing of the allegedly defective tractor seat. The evidence is undisputed that that alleged defect was latent rather than patent and was, therefore, not as "apparent" to appellant's son as it was to appellee. If there was such a latent defect of which appellee did not warn appellant, appellee would be liable unless that defect had not been a proximate cause of the death. Under this unauthorized charge, the jury may have found that the proximate cause of death of appellant's son was the defective tractor seat of which appellee failed to warn appellant and, thus, may have erroneously concluded that a recovery would not be authorized because appellant's son had assumed the risk thereof. Accordingly, a new trial must be held wherein, if the evidence remains the same, this charge should not be given.

3. Appellant also enumerates as error the giving of the following charge: "[A]n adult employee of ordinary intelligence would be held to be affected with knowledge of a *manifest risk or danger* incident to the doing of a particular thing in the operation of a machine during his employment, and although he may be inexperienced as to such operation and though the employer may have failed to instruct him in

respect thereto." (Emphasis supplied.) See *Clayton v. Larisey*, 190 Ga. App. 512, 514 (379 SE2d 789) (1989).

Construing the evidence most favorably for appellant, her son died as the result of a latent *defect in the tractor* which appellee negligently failed to discover and warn against. However, unlike the charge discussed in Division 2, the instant charge does not relate to "manifest" defects in the tractor itself, but to the "manifest" *risk or danger incident to the operation of the tractor*. Construing the evidence most favorably for appellee, appellant's son died as the result of the manifest risk or danger incident to his operation of the tractor, in that he simply lost his balance while seated on the moving tractor. If, as appellee contended, appellant's son died as the result of this "manifest" risk or danger rather than the latent defect in the tractor, there could be no recovery: "The ordinary risks of the employment, though there be dangers attendant thereon, are assumed by the servant, and especially is this true where the dangers are obvious." *Self v. West*, 82 Ga. App. 708, 712 (1) (62 SE2d 424) (1950). Thus, the charge was adjusted to the evidence regarding one of appellee's defensive contentions and was, therefore, not erroneously given.

4. Appellant called witnesses who were prepared to testify to certain out-of-court statements allegedly made to them by one of appellee's employees the day after the death of appellant's son. The trial court sustained appellee's hearsay objection to the introduction of this testimony and appellant enumerates this evidentiary ruling as error.

The purported declarant was not unidentified and was available to testify as to any facts within his personal knowledge. The alleged out-of-court statements attributed to him were not shown to have been made in pursuance of his employment by appellee or within the res gestae. Accordingly, the trial court correctly sustained appellee's hearsay objection to the introduction of this testimony. *Brooks v. Kroger Co.*, 194 Ga. App. 215 (2) (390 SE2d 280) (1990). Compare *Stouffer Corp. v. Henkel*, 170 Ga. App. 383 (1) (317 SE2d 222) (1984).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 30, 1992 —
RECONSIDERATION DENIED JULY 13, 1992.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., Rodney L. Mathis*, for appellant.

*James B. Langford, Bailey & Bearden, J. Lane Bearden*, for appellee.