A93A2033. SUPER DISCOUNT MARKETS, INC. v. CONEY.
(436 SE2d 803)

BLACKBURN, Judge.

The appellee, Joyce H. Coney, brought the instant complaint for damages against the appellant, Super Discount Markets, Inc. d/b/a Cub Foods (Cub), based upon injuries that she received on November 23, 1988, when she was struck in the abdomen and knocked into a display by 14 shopping carts that had been negligently guided by an employee of Cub. In response to the complaint, Cub asserted several defenses. Upon completion of discovery, the case proceeded to trial by a jury, and the jury awarded Coney damages totaling $95,850, which included $50,000 for pain and suffering, $3,850 for past medical expenses, $10,000 for past lost wages, and $32,000 in future lost wages. This appeal follows the denial of Cub's motion for a new trial.

1. In enumerations 1 and 2, Cub asserts that the trial court's charge to the jury on the loss of future earnings was erroneous because Coney failed to prove any lost future earnings with reasonable certainty and failed to establish any permanent impairment based upon the medical evidence produced at trial. We conclude otherwise.

Although in general, all future earnings or diminished future earnings are uncertain and difficult of ascertainment, this does not mean that a plaintiff should be denied a recovery. *Michaels v. Kroger*

*Co.*, 172 Ga. App. 280; 286 (322 SE2d 903) (1984). In order to recover, however, there must be evidence from which the jury can estimate, or reasonably infer the loss or decrease in the earning capacity. *Id.* Where evidence is presented on the permanency of a plaintiff's injury, the effect of the injury on earnings, and the monetary amount thereof, a jury charge on the loss of future earnings is authorized. *Gilbert v. Parks*, 140 Ga. App. 550 (1) (a) (231 SE2d 391) (1976).

In the case sub judice, Coney testified that since the incident, she has been limited in her ability to work overtime hours due to continued back pain stemming from the incident. As we stated in *Rosenfeld v. Young*, 117 Ga. App. 35 (2) (159 SE2d 447) (1967), the jury was authorized to infer from the evidence the nature and the extent of Coney's original injuries and from her condition as testified to at the time of the trial that her injuries were at least in some degree permanent and would result in some amount of permanent impairment. Contrary to Cub's contentions, expert opinion testimony is not required to establish the permanency of an injury. *Macon R. & Light Co. v. Streyer*, 123 Ga. 279 (3) (51 SE 342) (1905). See also *Southern R. Co. v. Clariday*, 124 Ga. 958 (53 SE 461) (1906). Coney testified that she did not have any problems with her back prior to the incident. However, since the incident, she has experienced pain while sitting for prolonged periods, reaching downward, and upon lifting heavy objects. Based upon this testimony, we conclude that there was sufficient evidence to infer that her injuries, particularly her back injury, would result in some permanent impairment.

In support of her claim of diminished earnings resulting from the incident, Coney submitted tax records for the years 1984 through 1991. Coupled with the testimony of plaintiff and witnesses, this evidence provided a sufficient basis for the jury to estimate Coney's pecuniary loss of future earnings. Accordingly, the charge on future lost earnings was authorized, and the trial court did not err in failing to grant a new trial on this basis.

2. Cub further challenges the appropriateness of the trial court's charge to the jury on Coney's loss of past earnings. However, this court has recognized that lost earnings are recoverable if the proof is reasonably certain and not based upon mere speculation or guesswork. *Johnstone v. Malone Office Equip. Co.*, 192 Ga. App. 137 (384 SE2d 208) (1989). Coney produced evidence showing her income both before and after the November 23, 1988 incident. Based upon this and other evidence, the jury could determine with reasonable certainty the extent of Coney's wages lost from the date of the incident through the time of trial. Accordingly, this enumeration is without merit.

3. Cub next argues that the trial court erred in admitting testimonial conclusions contained in a "General Liability Loss Notice"

form prepared by Cub's security personnel that Coney had been struck in the abdomen by carts steered by an employee of Cub, specifically asserting that the statements contained within the report were inadmissible hearsay, and were not within any of the recognized exceptions. We disagree.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. In *Waller v. State*, 80 Ga. App. 488 (2) (56 SE2d 491) (1949), we held that a photostatic copy of a log made by a radio dispatch operator was admissible because the log was made contemporaneously with the chase of the defendant. In the case sub judice, the evidence showed that the incident report in question was made approximately 30 minutes after Coney was struck. Although the report contained the conclusion of the security personnel that the teenager was a "worker," implying his employment with Cub's store, in *Bentley v. State*, 131 Ga. App. 425, 429 (8) (205 SE2d 904) (1974), we recognized that such conclusions are admissible as a part of res gestae if, as in this case, it is spontaneous rather than a reasoned one arrived at after thoughtful deliberation. Accordingly, the statement contained in the incident report was properly admitted as a part of the res gestae, and the trial court did not err in denying Cub's motion for new trial on this ground.

4. We likewise reject Cub's argument that the trial court erred in admitting the statements by an unidentified person to Coney and her daughter which implied that the individual who struck Coney with the shopping carts was an employee of Cub's store. The declarations were made within minutes after the event and were also part of the res gestae. Cf. *Harris v. Strickland*, 204 Ga. App. 889 (4) (421 SE2d 91) (1992). Accordingly, we find no error in the trial court's denial of a new trial on this ground.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*Drew, Eckl & Farnham, G. Randall Moody, Jennifer D. Welch*, for appellant.
*John M. Hyatt*, for appellee.