A94A2539. ALTO PARK SUPER MART, INC. v. WHITE.
(454 SE2d 580)

SMITH, Judge.
Gary White brought suit against Alto Park Super Mart, Inc. ("Alto"), seeking damages for injuries allegedly suffered in a slip and fall on Alto's premises. A jury returned a verdict in favor of White, and Alto appeals, enumerating as error the trial court's grant of a motion in limine and an instruction to the jury. We affirm.

1. Alto first contends that the trial court erred in granting White's motion in limine regarding his 1988 plea of nolo contendere in the State of Florida. An exemplified copy of the plea in the record shows that White entered a plea of nolo contendere to a charge of perjury by contradictory statement in an official proceeding, and the trial court entered an "Order Withholding Adjudication of Guilt and Placing Defendant on Probation."

The Georgia statutory provision governing the use of a plea of nolo contendere is straightforward: "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose." OCGA § 17-7-95. However, several limited

exceptions to this rule have been established by the decisions of this court and the Georgia Supreme Court. For example, a witness in a civil action may be impeached by the witness's prior plea of nolo contendere to a felony or other crime involving moral turpitude. *Jabaley v. Mitchell*, 201 Ga. App. 477 (411 SE2d 545) (1991); *Tilley v. Page*, 181 Ga. App. 98, 99 (4) (351 SE2d 464) (1986). Compare *State v. Rocco*, 259 Ga. 463 (384 SE2d 183) (1989) (such impeachment not permitted in a criminal prosecution). Perjury is a felony under the laws of both Florida and Georgia. OCGA §§ 16-10-70, 16-1-3 (5); Fla. Stat. Ann., § 837.02 (1) (West 1994).

The Supreme Court, however, has refused to permit civil impeachment using a guilty plea with disposition under the Georgia first offender statute. Upon completion of the terms of probation under the first offender statute, a defendant is "discharged without court adjudication of guilt" and "shall not be considered to have a criminal conviction." OCGA § 42-8-62 (a). "This provides the person who successfully completes his probation under the first offender statute protection against the stigma of a criminal record. Because there was a guilty plea rather than a conviction . . . evidence of that guilty plea is not admissible for the purpose of impeaching the witness by showing him to have been convicted of a crime involving moral turpitude." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990). It follows that a plea of nolo contendere with disposition under the Georgia first offender statute is also inadmissible for this purpose. See *Bentley v. B. M. W., Inc.*, 209 Ga. App. 526, 529 (3) (433 SE2d 719) (1993).

Therefore, we must consider whether the Florida court's order withholding adjudication of guilt and placing White on probation is the equivalent of a disposition under the Georgia first offender statute.[1] The relevant Florida statute, F. S. A. § 948.01 (2) (West Supp. 1995), provides in part: "If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation."

---

[1] A party need not tender copies of all applicable foreign law in order to rely upon it. The party need only provide timely notice of an intention to rely on foreign law, by means of pleadings or other written notice. OCGA § 9-11-43 (c); *Fortson v. Fortson*, 204 Ga. App. 827, 828 (1) (421 SE2d 106) (1992). White's presentation of the exemplified copy of the Florida court's order, its inclusion in the pretrial order, and the filing of White's motion in limine constituted sufficient notice of White's intention to rely upon the relevant law. Moreover, in the absence of proof of foreign law we presume it is the same as that of Georgia. Id. at 828-829.

The Florida Supreme Court has noted that the purpose of this provision is to provide "a powerful tool because, by withholding adjudication of guilt, the court can avoid creating a criminal record for someone with good prospects for rehabilitation. [Cit.]" *Sanchez v. State*, 541 S2d 1140, 1141 (2) (Fla. 1989). The statute itself, its application, and the intended result show it to be the functional equivalent of the Georgia first offender statute. Therefore, a plea of nolo contendere and order withholding the adjudication of guilt under F. S. A. § 948.01 (3) is inadmissible to impeach a witness by showing conviction of a felony, and the trial court did not err in granting White's motion in limine.

2. Alto also complains that the trial court's charge on White's future earnings was not adjusted to the evidence. As a general rule, all future earnings or diminished future earnings are uncertain and difficult to determine. However, a plaintiff may nevertheless recover if there is evidence from which the jury can estimate or reasonably infer the loss or decrease in the earning capacity. Evidence of the permanency of a plaintiff's injury, its effect on earnings, and the amount of earnings will support a jury charge on the loss of future earnings. *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (1) (436 SE2d 803) (1993). "The quantum of evidence sufficient to support a charge and resulting verdict for loss of wages need not be substantial or even direct. It is enough if there is slight evidence which may give rise to an inference from which lost wages as damages may be drawn and computed. [Cit.]" *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 844 (2) (351 SE2d 82) (1986). See *Strickland v. Howard*, 214 Ga. App. 307 (447 SE2d 637) (1994). White presented evidence that his injury was severe and progressively worsening, to the extent that eventually he would be unable to work at his present employment. He testified he was unable to work as many hours per day as he could before the injury and was losing approximately $200 in earnings per work day. The trial court did not err in charging the jury on future earnings.

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 10, 1995.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Tracey S. Witt*, for appellant.

*Bennett & Hamilton, Lindsay H. Bennett, Jr., L. Hamilton Bennett III*, for appellee.