A97A0382. MURRAY et al. v. SANFORD.

(487 SE2d 135)

SMITH, Judge.

Judy Williams, the mother and next friend of Donna Sanford, a minor, brought suit on behalf of Sanford against Dianna Murray and her parents to recover damages for injuries incurred by Sanford in an automobile accident. Dianna Murray, who was also a minor, lost control of her car and collided with a truck; the collision seriously injured Sanford, who was a passenger in Murray's car. In addition to other injuries, including right-sided paralysis, Sanford suffered a severe brain injury with lasting effects. The trial court granted a directed verdict in favor of Sanford on the issue of liability, and that ruling is not appealed.

The issue of damages was decided by a jury, which returned a verdict for Sanford in the amount of $3.5 million. The Murrays moved for a new trial on this issue. Their motion was denied, and this appeal ensued. In the Murrays' two enumerations of error, they contend the trial court erred in charging the jury on loss of future earnings because insufficient evidence was presented to support such a charge.

In general, a jury charge on loss of future earnings is authorized when some evidence is presented of a permanent injury, the effect of the injury on earnings, and the monetary amount of the expected loss. *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (1) (436 SE2d 803) (1993). When a permanent injury affects the injured party's ability to work, only one *compensation* exists; but that compensation may involve three elements: the plaintiff's diminished ability to labor, diminished earning capacity, and future lost earnings. *Jones v. Hutchins*, 101 Ga. App. 141, 148 (113 SE2d 475) (1960). The specific facts of each case dictate which elements are applicable. Id.

Ordinarily, a plaintiff may recover for lost future earnings if evidence is presented from which a jury can estimate lost earning capac-

ity. *Alto Park Super Mart v. White*, 216 Ga. App. 285, 287 (2) (454 SE2d 580) (1995). Although proof of actual earnings is not always absolutely essential, some evidence must be presented showing earnings capability both before and after the injury. *Myrick v. Stephanos*, 220 Ga. App. 520, 521 (472 SE2d 431) (1996). We agree with the Murrays that Sanford presented no evidence from which the jury could calculate an award for future lost earnings. We do not agree, however, that the presentation of such evidence was necessary for a recovery in this case.

Sanford was a high school student at the time of the accident. She may have had plans and wishes about a future career, but no record of earning wages even existed from which a jury could calculate the amount of her future lost earnings. When the injured party is too young to have a work or earnings history, it has long been established that a different rule applies. *Betts Co. v. Hancock*, 139 Ga. 198, 207 (9) (77 SE 77) (1913). In such cases, the amount of damages awardable for a permanent injury rests in the sound discretion of the jury. This discretion must be exercised in light of the jury's own common observation and experience, in order to compensate the plaintiff for the injury actually sustained. Id. at 207-208 (9); *Jones*, supra at 143.

Were it otherwise, a child who has not yet begun a working life would never be able to establish entitlement to damages for an injury that cost him or her a great deal in terms of future ability to earn, even when that diminished earning capacity is obvious. "[T]he courts recognize this feature of the matter to such an extent as to affirm that in cases where the plaintiff is an infant with no fixed avocation or trade, and therefore wholly unable to even conjecture what his probable future calling and loss of earnings therein may be, a recovery may be allowed on that score without any proof whatever suggesting the amount." (Citations and punctuation omitted.) *Hancock*, supra at 208 (9). See also *Thomas v. Barnett*, 107 Ga. App. 717, 725-726 (3) (131 SE2d 818) (1963).

A charge such as that given in this case on the necessity of proof from which the jury may calculate future lost wages may, indeed, confuse the jury. In this case, the trial court charged the jury that "[l]ost future earnings are to be determined on the basis of the earnings, if any, that plaintiff will lose. And there must be some evidence before you as to the amount of such future expected earnings." This was error. But harm as well as error must be shown. The jury was authorized to return a verdict awarding damages to Sanford based entirely upon their enlightened collective conscience even without proof of any kind supporting such an award other than Sanford's permanent injury. The Murrays therefore cannot show that they were harmed by this incorrect charge, and the verdict and judgment must stand.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1997 — 

 Before Judge Martin.

*Barrow, Sims, Morrow & Lee, A. Mark Lee, Christine J. Bedingfield,* for appellants.

*Savage & Turner, Robert B. Turner, Russell M. Stookey,* for appellee.