## A01A2267. SHAW et al. v. BRANNON et al.
(560 SE2d 289)

JOHNSON, Presiding Judge.

On March 12, 1998, Danny Shaw was driving a milk delivery truck for Mayfield Dairy Farms, Inc. Shaw received a message on the beeper attached to his belt. As he looked down to check the beeper, he steered the truck partially off the highway. Shaw tried to bring the truck back onto the road, but lost control, and the truck flipped. The truck slid for over 100 feet, across the center of the highway and into the path of oncoming traffic.

Dr. David Brannon, an anesthesiologist, was driving his 11-year-old daughter, Britni Brannon, to school when he saw the swerving milk truck coming at him. He tried to drive off the road to avoid the truck, but was unable to maneuver his car completely off the road before the truck hit it. Dr. Brannon and his daughter were both injured in the accident.

Dr. Brannon and his wife, Cheryl Brannon, filed a lawsuit, in their individual capacities and on their daughter's behalf, against Shaw and Mayfield for damages. The case was tried before a jury, which returned a verdict of $825,000 for Dr. Brannon, $15,000 for Cheryl Brannon, and $1,500 for Britni Brannon.

Shaw and Mayfield appeal. They contend that the trial court erred in refusing to charge the jury on assumption of risk, in charging the jury on future lost wages, and in failing to grant a mistrial when the Brannons' attorney made an improper comment during closing argument. The contentions are without merit, and we therefore affirm the judgment of the trial court.

1. A defendant claiming assumption of the risk must show that the plaintiff had actual knowledge of the danger, appreciated the risks associated with the danger, and voluntarily exposed himself to such risks.[1] A charge on assumption of the risk is appropriate when there is evidence that the plaintiff had knowledge of the specific risk of harm associated with the activity or condition that proximately caused his injury, yet proceeded anyway.[2] In order for Dr. Brannon to have assumed the risk of being struck by the Mayfield truck, there

---

[1] *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 81 (2) (532 SE2d 159) (2000).

[2] Id.

must be evidence that after the truck swerved into his lane of traffic, he made a conscious and voluntary decision to proceed and risk a collision.[3]

There is no evidence that after the Mayfield truck careened into his lane, Dr. Brannon consciously decided to proceed and risk a collision. Rather, the evidence shows that as soon as the doctor saw that the truck was out of control, he thought he could evade it and tried to do so. Because there is no evidence that Dr. Brannon assumed the risk of colliding with the out-of-control truck, the trial court correctly refused to charge the jury on assumption of the risk.[4]

2. To recover for diminished future earnings, there must be evidence from which the jury can reasonably infer the loss in earning capacity.[5] Where there is evidence on the permanency of the plaintiff's injury and its effect on earnings, a jury charge on lost future earnings is authorized.[6] The quantum of evidence needed to support such a charge need not be substantial; slight evidence giving rise to an inference from which lost wages may be computed is sufficient.[7]

In the instant case, there is enough evidence from which the jury could have computed Dr. Brannon's lost earnings. There is evidence of Dr. Brannon's present income, that he must undergo surgery for his injured shoulder, that the recovery time from the surgery will prevent him from working for at least three months, that he will have to hire replacement anesthesiologists to provide services during his absence, and that he will pay a fee of $112,600 to hire those replacements. Because there is sufficient evidence of the effect Dr. Brannon's injury will have on his future earnings, the trial court did not err in charging the jury on lost future earnings.[8]

3. During closing arguments, the Brannons' lawyer asked the jury to return a verdict of over $1 million in order to send a message to Mayfield. Counsel for Shaw and Mayfield objected and moved for a mistrial on the ground that asking the jury to send a message was tantamount to requesting punitive damages, which were not part of the case. The trial court sustained the objection, but denied the motion for a mistrial. Instead, the court rebuked the Brannons' lawyer by instructing the jury that sending a message was not an issue

---

[3] See *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (4) (409 SE2d 524) (1991).

[4] Compare *Norman v. Williams*, 220 Ga. App. 367, 368-369 (1) (469 SE2d 366) (1996) (court correctly charged on assumption of risk where there was evidence that plaintiff's husband was hit by defendant's vehicle when the husband crossed an interstate highway exit ramp on foot from a concealed ditch without trying to determine whether crossing was safe).

[5] *Alto Park Super Mart v. White*, 216 Ga. App. 285, 287 (2) (454 SE2d 580) (1995).

[6] Id.

[7] Id.

[8] See *Strickland v. Howard*, 214 Ga. App. 307, 310 (3) (447 SE2d 637) (1994).

that the lawyer could go into and that he should make his argument in other areas. Counsel for Shaw and Mayfield did not object to the curative instruction.

When confronted with an improper closing argument, a trial court may (1) instruct the jury to disregard the argument, (2) rebuke the offending counsel and instruct the jury to disregard his improper argument, or, as a last resort, (3) grant a mistrial.[9] In deciding whether to grant a mistrial, the trial judge has broad discretion which will not be disturbed unless manifestly abused.[10] Here, the trial court did not manifestly abuse its discretion in denying a mistrial and instead issuing a curative instruction rebuking counsel.[11]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2002.

*Hall, Booth, Smith & Slover, Roger S. Sumrall, Jonathan Marigliano*, for appellants.
*J. Lane Bearden*, for appellees.

---

[9] See *Garner v. Victory Express*, 264 Ga. 171 (1) (442 SE2d 455) (1994).
[10] *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 482 (9) (491 SE2d 909) (1997).
[11] See *Alexander Underwriters &c. v. Lovett*, 182 Ga. App. 769, 775 (6) (357 SE2d 258) (1987).
[1] The jury acquitted Rogers of two other child molestation counts.
[2] See *Loveless v. State*, 245 Ga. App. 555 (1) (538 SE2d 464) (2000).