**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1216. CANNON v. BARNES.

MERCIER, Judge.

On February 22, 2013, Trevor Cannon was driving a pickup truck on Interstate 516 when he crossed the median and hit an oncoming vehicle being driven by Stephen Joyner. Stephen[1] and Camie Joyner, his wife who was a passenger in the vehicle, both died as a result of the collision. The Joyners' three-year-old daughter, Dakota, who was a passenger in the vehicle, survived the collision.

Linda Barnes, Camie's mother, filed the underlying lawsuit against Cannon and John Doe,[2] another driver that Cannon claimed contributed to the collision, as

---

[1] For purposes of clarity, we refer to Stephen, Camie and Dakota Joyner by their first names.

[2] Barnes also sued the Georgia Department of Transportation, but settled that claim prior to trial.

administrator of Camie's estate and as next friend and joint temporary guardian of Dakota. A jury awarded Barnes, in her representative capacity, $3,000,000, with 55% of fault apportioned to Cannon and 45% to John Doe. Cannon appeals, arguing that the trial court erred by admitting certain evidence, in its jury charge, and by denying his motions for partial directed verdict, for mistrial, for judgment notwithstanding the verdict and for a new trial. Finding no error, we affirm.

1. Cannon argues that the trial court erred by admitting irrelevant and prejudicial evidence at trial. "[T]he admission of evidence is generally committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion." *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001) (citations and punctuation omitted).

Following rulings on a motion for partial summary judgment and a motion to dismiss, the only remaining claim at trial was for Camie's conscious pain and suffering.

> For pre-impact pain and suffering to be awarded, the jury must have some evidence that the deceased at some point in time was conscious of her imminent death; the jury may infer such consciousness from evidence immediately prior to impact or following her injury. . .. The

2

fright, shock, and mental suffering experienced by an individual due to wrongful acts of negligence will authorize a recovery where attended with physical injury.

*Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 680 (4) (570 SE2d 1) (2002) (disapproved of on other grounds by *Dept. of Transp. v. Thompson*, 354 Ga. App. 200, 207 (1) (fn. 6) (840 SE2d 679) (2020)). Cannon does not dispute that Barnes could recover for Camie's pre-impact pain and suffering. Instead, he argues that evidence presented at trial regarding Camie's life, including character evidence, two photographs of her with Stephen and Dakota, that Camie was pregnant at the time of the collision and that Stephen died due to the collision, was irrelevant and unfairly prejudicial.

On the date of the collision, Stephen, Camie and Dakota were returning from a visit to Camie's doctor where her pregnancy had been confirmed. Camie was on the telephone with Barnes, telling her about the appointment, when Barnes heard Camie scream "oh my god, look at that" and then scream Stephen's name; a few seconds later Barnes heard the crash.

Evidence regarding Camie's state of mind, including the fact that she was pregnant and that she was riding in the vehicle with her husband and daughter, had

3

relevance to her fright, shock, and mental suffering prior to the collision. See generally *Central of Georgia R. Co. v. Ross*, 342 Ga. App. 27, 32 (2) (802 SE2d 336) (2017) ("Even evidence of doubtful relevancy should be admitted and its weight left to the jurors.") (citation and punctuation omitted); *Blanton v. Marchbanks*, 139 Ga. App. 158, 161 (3) (228 SE2d 285) (1976) (evidence offered to show the plaintiff's state of mind included "the mental fear, pain and suffering"). The evidence at trial suggested that Camie knew that the collision was imminent and, therefore, background evidence regarding Camie's situation in life and character had relevance to Camie's pain and suffering. See generally *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982) ("Character is circumstantial evidence of conduct and state of mind[.]") (citation and punctuation omitted).

Furthermore, the balancing test of OCGA § 24-4-403,

> is a quintessentially fact-sensitive enterprise, and the trial judge is in the best position to make such factbound assessments. Recognizing that coign of vantage, we typically give the [trial] court wide latitude when evaluating the delicate balance that Rule 403 requires. Only rarely - and in extraordinarily compelling circumstances - will we, from the vista of a cold appellate record, reverse a [trial] court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect.

4

*Rivers v. K-Mart Corp.*, 329 Ga. App. 495, 497 (1) (765 SE2d 671) (2014) (citation and punctuation omitted). Cannon has failed to show that the trial court abused its discretion by ruling that the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. See OCGA § 24-4-403; *Georgia Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 779 (13) (403 SE2d 235) (1991) ("Photographs are ordinarily admissible unless they contain inflammatory depictions which might be prejudicial toward the objecting party") (citation and punctuation omitted); *Central Georgia Women's Health Center v. Dean*, 342 Ga. App. 127, 141 (2) (800 SE2d 594) (2017) ("Rule 403 is an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility.") (citation and punctuation omitted). The trial court did not abuse its discretion in its evidentiary rulings.[3]

2. Cannon claims that the trial court erred by denying his motion for partial directed verdict regarding Camie's post-impact pain and suffering. "[A] directed

---

[3] We use this occasion to again advise counsel that physical precedent cases are non-binding authority. See Court of Appeals Rule 33.2 (a) (2); *Davis v. State*, 244 Ga. App. 345, 347 (3) (535 SE2d 528) (2000). If a party wishes to cite cases that are physical precedent only, argument should be given as to why we should base our opinion on non-binding authority. See *Franklin v. State*, 351 Ga. App. 539, 548 (4) (a) (fn. 3) (831 SE2d 186) (2019).

verdict is appropriate only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict." *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998).

> [O]n appeal from the denial of a motion for a directed verdict or for [judgment notwithstanding the verdict], we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict. However, we review questions of law de novo, applying the plain legal error standard of review.

*Southland Propane v. McWhorter*, 312 Ga. App. 812, 813 (720 SE2d 270) (2011) (citations and punctuation omitted).

Cannon initially moved for a partial directed verdict at the close of plaintiff's evidence. The trial court withheld ruling on the motion, stating that as long as plaintiff's counsel did not argue that Camie might have been alive following the impact "for a few minutes or seconds and she suffered . . . it's moot." Cannon renewed his motion for directed verdict at the close of evidence and filed a written motion, which the trial court denied.

6

Cannon does not point to any evidence or argument at trial that Camie survived the impact or that she was entitled to damages for post-impact pain and suffering. Instead he claims that the trial court improperly permitted Barnes "to place an uncertain timeline on Camie Joyner's death in closing arguments." A review of Barnes's closing argument reveals that she did not claim that Camie survived the impact. Further, Cannon stated in his closing argument that no evidence was presented that Camie survived the impact. Cannon fails to show any harm by the trial court's denial of his motion for a directed verdict regarding post-impact pain and suffering. See *Carter v. Smith*, 294 Ga. App. 590, 595 (3) (669 SE2d 425) (2008). As such, this enumeration is without merit.

3. Cannon claims that the trial court erred by giving a jury charge regarding fault and apportionment to nonparty Georgia Department of Transportation, over his objection. "When we review an allegedly erroneous jury charge, we apply a plain legal error standard of review." *Eagle Jets v. Atlanta Jet,* 321 Ga. App. 386, 398 (6) (740 SE2d 439) (2013) (citation and punctuation omitted).

The jury charge in question stated:

Georgia law provides the state has no liability for losses resulting from the plan or design for construction of or improvements to highways where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design. Not only does this provision exempt the Department of Transportation from liability for highway design deficiencies where the highway was initially designed in substantial compliance with existing design standards, it exempts the department of transportation from liability for failure to upgrade a highway to meet current design standards.

For you to apportion damages to Georgia Department of Transportation there must be adequate expert evidence in the form of a registered engineer who has testified that one, Georgia Department of Transportation breached the standard of care which was applicable at the time the roadway was originally designed. And two, that said breach proximately caused the plaintiff's injury.

The jury charge arises from *Dept. of Transp. v. Cox*, 246 Ga. App. 221, 222-223 (540 SE2d 218) (2000).

Cannon argues that because he was seeking to apportion fault and not to hold the Department of Transportation liable, the given jury charge placed a higher burden of proof on him as to the Department of Transportation's fault than necessary regarding apportionment. However, the fault of the Department of Transportation, a

8

nonparty, "cannot be considered for the purposes of apportioning damages without some competent evidence that the nonparty in fact contributed to the alleged injury or damages." *Southwestern Emergency Physicians v. Quinney*, 347 Ga. App. 410, 427 (4) (819 SE2d 696) (2018) (citation and punctuation omitted). Therefore, Cannon had the burden to present competent evidence that the Department of Transportation contributed to Camie's pain and suffering by failing to comply with generally accepted engineering or design standards in effect at the time of preparation of the plan or design. If we held otherwise, as Cannon suggests, "there would be no limitation on the number of potential nonparties that a trial court would be required to include on the verdict form for purposes of assessing fault under OCGA § 51-12-33 (c)." Id. (citation and punctuation omitted). Compare *Lowndes County Health Svcs., v. Copeland*, 352 Ga. App. 233, 240-242 (3) (834 SE2d 322) (2019) (when expert opined that nonparty medical providers breached the standard of care, there was enough evidence to submit the question of fault of the nonparties to the jury).

Furthermore, the trial court also instructed the jury on the negligence and fault of nonparties, apportionment, proximate cause and multiple proximate causes.

Because the charge, when read as a whole, was a correct statement of the law, we find no plain legal error. See generally *Eagle Jets*, supra.

4. During the trial, Cannon moved for a mistrial twice, which the trial court denied both times. Cannon claims these rulings were in error. The denial of a motion for mistrial is reviewed for abuse of discretion. See *Baker v. Miller*, 265 Ga. 486 (1) (458 SE2d 621) (1995).

(a) During the plaintiff's case in chief, a juror informed the court that his aunt was killed at the same location as the collision between Cannon and the Joyners. He stated that he did not initially realize that the collision had occurred in the same location. However, the collision that killed his aunt occurred after the Department of Transportation had installed a barrier; the collision in this case occurred prior to any such installation. The trial court excused the juror, and questioned each remaining juror individually regarding whether he or she had heard what the excused juror had said and, if so, if he or she were able to remain impartial. All but one of the jurors had heard the comment, and all of the jurors said that the information would have no bearing on their determination of the case. The trial court gave a curative instruction to the jury and again asked whether the jurors could be fair and impartial, to which the jurors responded affirmatively.

10

Cannon failed to cite any legal authority for this particular claimed error, and as such he has abandoned the claim, which presents nothing for us to review. See Court of Appeals Rule 25 (a) (3), (c) (2); *Clack v. Hasnat*, 354 Ga. App. 502, 509 (4) (841 SE2d 210) (2020).[4]

(b) Cannon again moved for mistrial during Barnes's closing argument. As previously discussed, at one point during the litigation the Department of Transportation was named as a defendant, but it settled with Barnes and was not a party at trial. Prior to trial, Cannon identified as an exhibit Barnes's complaint, which named the Department of Transportation as a defendant. At an evidentiary hearing, Cannon argued that the complaint should be admitted because it could be used to impeach Barnes if she claimed at trial that she believed that Cannon was solely at fault for the collision. The trial court ultimately stated that "[u]nless they open the door it's irrelevant . . . [s]o, let's just see what happens."

---

[4] Even if Cannon had supported this claim with legal authority, he failed to show that the trial court abused its discretion. See *Firestone Tire & Rubber Co. v. King*, 145 Ga. App. 840, 843-844 (4) (244 SE2d 905) (1978) (trial court did not err in overruling a motion for mistrial following a juror's failure to truthfully answer a material question during voir dire, when appellant failed to show "actual injury or bias").

During the rebuttal segment of Barnes's closing argument, her counsel asked, "don't you think if Ms. Barnes thought liability could attach [to the Department of Transportation] they would be here today?" Cannon moved for a mistrial during a bench conference, which the trial court denied.

"When confronted with an improper closing argument, a trial court may (1) instruct the jury to disregard the argument, (2) rebuke the offending counsel and instruct the jury to disregard his improper argument, or, as a last resort, (3) grant a mistrial." *Shaw v. Brannon*, 253 Ga. App. 673, 675 (3) (560 SE2d 289) (2002). Cannon did not request a curative jury instruction, and does not claim that the trial court erred by not giving such an instruction. Instead, he claims that "a mistrial was required." "In deciding whether to grant a mistrial, the trial judge has broad discretion which will not be disturbed unless manifestly abused." Id. Cannon has not shown that the trial court manifestly abused its discretion in failing to grant a mistrial and we find no such abuse. See generally id. at 674-675 (3) (although trial court sustained objection to plaintiff's request in closing argument that jurors "send a message" with verdict, when punitive damages were not part of the case, trial court did not manifestly abuse its discretion in refusing to grant a mistrial); *Firestone Tire & Rubber Co.*, supra at 844-845 (5).

12

5. Cannon argues that the trial court erred by denying his motion for judgment notwithstanding the verdict regarding post-impact pain and suffering. As a judgment notwithstanding the verdict is reviewed under the same standard as a motion for directed verdict, we affirm for the reasons discussed in Division 2. See *Southland Propane*, supra.

6. Finally, Cannon claims that the trial court erred by denying his motion for new trial. "In reviewing a trial court's denial of a motion for new trial on the ground there was no evidence to support the verdict, this Court examines the record to determine whether there is any evidence to support the verdict." *Maddox v. Maddox*, 278 Ga. 606, 607 (1) (604 SE2d 784) (2004). The evidence showed that Camie saw the oncoming, imminent collision with Cannon's vehicle, that she was pregnant and that her husband and three-year-old daughter were in the car. We find no compelling reason to overturn the award of pain and suffering. See generally *Park v. Nichols*, 307 Ga. App. 841, 845-846 (2) (706 SE2d 698) (2011); *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456, 468 (6) (b) (590 SE2d 807) (2003). The trial court's denial of the motion for new trial was not error.

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.

13