## 75684. DOUSE v. SMITH.
### (366 SE2d 791)

BANKE, Presiding Judge.

The appellant's vehicle was struck by a vehicle being driven by the appellee as the appellant was attempting to turn left onto a highway from the parking lot of a shopping center. The appellee brought suit against the appellant to recover for the injuries he had sustained in the accident, and the appellant counterclaimed to recover for her injuries. The parties settled the appellee's claim, but the appellant's claim proceeded to trial, resulting in the direction of a verdict in favor of the appellee, based on a determination by the trial court that there was no evidence of any negligence on his part. This appeal followed.

The evidence showed that the appellant had already entered the highway and was in the process of making her left turn when she was struck by the appellee on the left-front side of her vehicle. The appellant testified that she had stopped her vehicle at the edge of the shopping center exit and that she had looked both ways before entering the "heavy traffic," but that she had not seen the appellee's vehicle prior to the impact. However, a passenger in her car testified that subsequent to the collision the appellant told her she had seen the appellee's vehicle before it struck her vehicle.

The appellee testified that he had been on the inside lane of the highway and that as he had approached the shopping center driveway the appellant had pulled out directly in front of him, leaving him with no time to avoid the collision. There was no evidence suggesting that the appellee had been exceeding the speed limit. *Held*:

" ' "It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine." ' " *Lewis v. Duggan*, 184 Ga. App. 563, 565 (362 SE2d 73) (1987). The appellant asserts that the evidence would have supported the inference that the appellee was in violation of OCGA § 40-6-180, which requires operators of motor vehicles to drive at a speed which is "reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." However, we can find no evidence in the present case from which it could reasonably be inferred that the collision occurred as the result of negligence on the part of the appellee. Rather, the undisputed evidence indicates that the appellee had the right-of-way and that the appellant simply drove her vehicle di-

rectly into his path. We accordingly hold that the trial court did not err in granting the appellee's motion for a directed verdict.

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in judgment only.*

DECIDED FEBRUARY 17, 1988 —
REHEARING DENIED MARCH 3, 1988 — ▓▓▓▓▓▓▓▓

*Robert M. Darroch, C. David Vaughan*, for appellant.
*George A. Haas, Hugh F. Newberry*, for appellee.