75764. COLLINS et al. v. RALSTON & OGLETREE, INC.
(367 SE2d 861)

McMURRAY, Presiding Judge.

James E. Collins and Arlene M. Collins (plaintiffs) brought an action against Ralston and Ogletree, Inc. (defendant) and others, seeking damages for the malfunctioning septic tank system that is located on their property. Plaintiffs alleged that defendant's negligence was the proximate cause of the injury to their property. Defendant denied the material allegations of the complaint and the case was tried before a jury, where plaintiffs' evidence showed that defendant purchased "approximately fifty acres . . ." of land in Chatham County, Georgia and in "[19]77 or [19]78" began developing thereon a residential development known as Riversbend Subdivision. Helmly, Purcell & Associates, Inc. engineered the development by designing and implementing the subdivision "paving, grading, and drainage [plan]." Pursuant to Helmly's efforts, the Chatham County Health Department approved Riversbend Subdivision for the use of septic tank waste disposal systems.

In May 1979 plaintiffs purchased a house which had been constructed by a builder on a lot in Riversbend Subdivision. During construction of the house, one of the builder's subcontractors installed on plaintiffs' lot a septic tank waste disposal system according to plans provided by the Chatham County Health Department. After the system was installed, the septic tank and nitrification field were in-

spected and approved for use by an inspector of the Chatham County Health Department.

Shortly after moving into their house, plaintiffs began experiencing difficulties with their septic tank system and, after a prolonged period of unsanitary conditions at their home, plaintiffs hired Colonel Paul W. Ramee, a civil engineer, to determine the source of their problems. Colonel Ramee excavated and examined part of plaintiffs' septic tank system, examined the soil conditions of plaintiffs' property, determined various elevations of plaintiffs' lot and concluded that plaintiffs' septic tank system was improperly installed and that the engineering of plaintiffs' lot was insufficient to overcome soil conditions that were unfavorable for the use of a septic tank waste disposal system.

Mr. Benjamin E. Gay, also a civil engineer, examined the soil conditions of Riversbend Subdivision and determined that the soil was not favorable for septic tank waste disposal systems and concluded that implementation of an appropriate subdivision engineering plan was essential to overcome the soil deficiencies so that septic tank waste disposal systems could function properly in the subdivision.

At the close of plaintiffs' evidence, the trial court granted defendant's motion for directed verdict and allowed the trial to proceed as to plaintiffs' claims against the other defendants. This appeal followed the denial of plaintiffs' motion for new trial. *Held*:

Plaintiffs argue that the trial court erred in directing a verdict in favor of defendant because their evidence showed that defendant was aware that the soil of Riversbend Subdivision was unsuitable for the use of septic tank waste disposal systems prior to developing the subdivision. This argument is not supported by the record.

Although plaintiffs' evidence showed that the soil of plaintiffs' lot and of Riversbend Subdivision was *unfavorable* for septic tank systems use, they presented no evidence which indicated that the soil was completely *unsuitable* for the use of septic tank waste disposal systems. On the contrary, one of plaintiffs' expert witnesses testified that use of septic tank waste disposal systems in an area with the characteristics of Riversbend Subdivision was possible if the land was engineered so as to overcome the deficiencies of the soil.

Turning now to plaintiffs' general allegation of negligence against defendant, we observe that "[n]egligence is not to be presumed, but is a matter for affirmative proof. *Glynn Plymouth, Inc. v. Davis*, 120 Ga. App. 475, 487 (170 SE2d 848), aff'd 226 Ga. 221 (173 SE2d 691), op. supp. 121 Ga. App. 717 (175 SE2d 410). In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. 65A CJS 444, Negligence, § 204." *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 368 (203 SE2d 587). In the case sub judice, the pivitol issue is whether plaintiffs have overcome

this presumption by presenting evidence to support their allegation of negligence against defendant.

It is uncontradicted that defendant took no part in engineering plaintiffs' lot, constructing plaintiffs' house or planning and installing the septic tank system on plaintiffs' property. It is also undisputed that the Chatham County Health Department approved Riversbend Subdivision for use of septic tank waste disposal systems, issued a permit for installation of a septic tank system on plaintiffs' property and approved the system that was installed on plaintiffs' property. These circumstances do not support a finding that plaintiffs' damages were the proximate result of defendant's development of Riversbend Subdivision. "Where [a] '(p)laintiff simply fail(s) to prove his case . . . the direction of a verdict (is) proper . . .' *Carr v. Jacuzzi Bros.*, 133 Ga. App. 70, 74 (210 SE2d 16) (1974); *Wagner v. Timms*, 158 Ga. App. 538 (281 SE2d 295) (1981); OCGA § 9-11-50 (Code Ann. § 81A-150)." *Smith v. Morico*, 166 Ga. App. 737, 738 (305 SE2d 465). In the case sub judice, since plaintiffs failed to prove any fault on the part of defendant, the trial court did not err in directing a verdict in favor of defendant. See *Hall v. Richardson Homes*, 168 Ga. App. 593, 595 (2), 597 (4) (309 SE2d 825), and *Dunant v. Wilmock, Inc.*, 176 Ga. App. 48 (335 SE2d 162).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 17, 1988 —
REHEARING DENIED MARCH 29, 1988 —

*Stephen R. Yekel*, for appellants.
*Phillip R. McCorkle, I. Gregory Hodges, Roy E. Paul, Walter C. Hartridge*, for appellee.