77631. CLAYTON et al. v. LARISEY.
(379 SE2d 789)

POPE, Judge.

Appellants employed appellee as a general farm worker. Appellee brought suit against appellants seeking to recover for injuries he received while repairing a tractor he operated on appellants' farm. The jury returned a verdict for appellee, awarding him $16,219. On appeal appellants contend that the trial court erred in denying their motion for directed verdict because the evidence was insufficient to establish their liability for appellee's injuries.

On the day of the incident appellee was spraying a sorghum field for insects. He had to stop several times to reload the chemical bin on the tractor. When the tractor refused to start after one of the reloading stops, appellee put the tractor in neutral, dismounted the tractor, which was parked on a slight incline or hill, and instructed his sixteen-year-old cousin who was "along for the ride" to mount the tractor and hold the clutch in so it would not roll. Appellee testified that he thought the problem might involve a battery cable, so he walked around to the front of the tractor and removed the battery cover. Appellee further testified that the "[cable end] was loose and I took it off, cleaned it a little bit and put it back on there. [I p]ushed it down and it [connected]." Appellee testified that, in accordance with his instruction, his cousin pushed the clutch in, pushed the starter button and eased off the clutch. The tractor began to roll, rolling over appellee, who was standing in front of the tractor, and causing him serious injury.

OCGA § 34-7-20 provides that an "employer is bound to exercise ordinary care . . . in furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery or dangers incident to an employment, which defects or dangers the employer knows or ought to know but which are unknown to the employee, then the employer shall give the employee warning with respect thereto." That section must be read in connection with Code Section 34-7-23 which provides as follows: "An employee assumes the ordinary risks of his employment and is bound to exercise his own

skill and diligence to protect himself. In actions for injuries arising from the negligence of the employer in failing to comply with the duties imposed by Code Section 34-7-20, in order that the employee may recover it must appear that the employer knew or ought to have known . . . of the defects or danger in the machinery supplied; and it must also appear that the employee injured did not know and had not equal means of knowing such fact and by the exercise of ordinary care could not have known thereof." Consequently, " '[i]n an action by a servant against a master for alleged failure of duty on the part of the latter in not giving to the servant warning of a danger incident to his employment, it must appear that the master knew or ought to have known of the danger, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it.' [Cit.]" *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95, 99 (303 SE2d 284) (1983). See also *Hollingsworth v. Thomas*, 148 Ga. App. 38 (1) (250 SE2d 791) (1978).

Appellee contends that the "appellants failed to warn him of the dangers that may exist if he attempted to fix the tractor . . . and failed to warn him not to attempt to fix it" and of the danger if he attempted to operate the tractor in a defective condition. In support of his contentions appellee presented evidence at trial that appellant-husband, Mr. Clayton, knew of the problem with the battery cable because it had to be replaced several weeks prior to the accident. Appellee testified that on that occasion the tractor also would not start and that when appellee removed the battery cover and discovered the cable had corroded, Mr. Clayton procured a new cable and appellee replaced it while Mr. Clayton watched. Appellee further testified that after he replaced the cable, he mounted the tractor and started it without incident, and that he had no further trouble with the cable until the date of the accident. It is because of this earlier incident involving the cable that appellee contends appellants should have warned him about the dangers of repairing the tractor. We disagree.

Appellee presented no evidence to suggest that the problem with the cable on the day of the accident was in any way related to the cable having been replaced several weeks earlier. Rather, appellee testified that it was normal for battery cables to come loose on tractors operating in the field and that tightening such cables was part of the general routine maintenance on the tractors. Likewise, appellee presented no evidence that the new cable was defective or that it had been improperly placed on the tractor.

Moreover, the earlier incident did not alert the appellants that appellee might undertake the repair in the manner used on the day in question. Specifically, appellants had no way of knowing that appellee would have someone start the tractor and release the clutch while he

was standing in front of the tractor. On the earlier occasion appellee himself mounted the tractor after he finished replacing the cable and started the tractor. Had he used the same procedure here, his injury would not have occurred.

A directed verdict is authorized "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." (Citations and punctuation omitted.) *Collins v. Ralston & Ogletree, Inc.*, 186 Ga. App. 583, 584 (367 SE2d 861) (1988). "Where [as here] plaintiff simply fails to prove his case, the direction of a verdict is proper." (Citations and punctuation omitted.) Id. at 585.

"[T]here is, [however] another ground which would bar [appellee's] recovery, and that is his failure to exercise due care to provide for his own safety. Under [51-11-7], if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence he is not entitled to recover. . . . [Appellee] may not be excused from maintaining diligence for his own protection by the fact that he did not know what he was doing was dangerous. . . . In the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger. Therefore an adult servant of ordinary intelligence will be held to be affected with knowledge of a manifest risk or danger incident to the doing of a particular thing in the operation of a machine, during his employment, although he may be inexperienced as to such operation and though the master may have failed to instruct him in respect thereto. [Cit.]" (Punctuation omitted.) *Union Carbide Corp. v. Holton*, 136 Ga. App. 726, 730-731 (222 SE2d 105) (1975). Clearly appellee should have been aware that standing in front of a large farming tractor, parked on an incline, while a person wholly inexperienced in operating the machinery started the tractor and "eased" the clutch out was dangerous. "At some point the danger and likelihood of self-injury becomes so obvious that actual knowledge by the plaintiff is unnecessary. We must conclude the [appellee] failed to use ordinary care and diligence for his own safety in [repairing the tractor] in an obviously dangerous manner. Because of either one of these grounds, [appellee] was not entitled to recover against [appellants] as a matter of law." Id at 732. Accord *Hollingsworth*, supra.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 28, 1989.

R. H. Reeves III, for appellants.
William E. Woodrum, Jr., for appellee.