A89A0902. MAYS v. DANIELS et al.
(382 SE2d 636)

DEEN, Presiding Judge.

The instant case, making its second appearance in this court, stems from a boundary line dispute in which the Danielses, appellees here, filed a declaratory judgment action. The trial court excluded defendant's sole evidence and rendered judgment in plaintiffs' favor, and this court reversed the judgment below. See *Mays v. Daniels*, 179 Ga. App. 677 (347 SE2d 642) (1986). A new trial ensued, with judgment being rendered in the Danielses' favor. Mays now appeals *pro se*, enumerating as error the following comment of the trial court: "Well, I will sustain your motion. Basically[,] you have made a motion that you object to the filing of the counterclaim as alleged as of August of 1988." Mays contends that it was improper for the court to insert the word "alleged," inasmuch as the record shows the filing of a

cross-claim August 15, 1988; and that this alleged error denied appellant his constitutional right of equal protection of the law. *Held:*

Appellant admitted, both at trial and in various documents filed with the trial court, that a certain line ("Line A") on plats of the property in contention was, as contended by the Danielses, the correct property line. He contends, however, that because this line conformed to the corresponding line as shown on a particular plat ("the Churchwell plat"), then that same plat should necessarily be the controlling authority for resolution of any discrepancies regarding the location of all other property lines, one or more of which, Mays contended at trial, was improperly designated. To adopt one line on what he considered the proper plat and not to adopt all other lines shown on that plat, Mays asserts on appeal, would be to utilize a "double standard," which, he alleges, is tantamount to a denial of equal protection.

The trial court refused to admit into evidence Mays' copies of the "Churchwell plat" because those copies had been inadequately authenticated and, *a fortiori*, because they included "editorial comments" added *ex parte* by Mays after he had obtained the copies of the various plats as executed by surveyors. Agreeing with appellees that only one property line ("Line A") was actually in litigation, the court held that, since Mays agreed that Line A was properly indicated, the Danielses' motion for a directed verdict should be granted. OCGA § 9-11-50 (a) mandates: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed."

We fail to see, in the light of the proceedings as a whole, that the challenged wording was in any sense erroneous (or if, *arguendo*, it were so deemed, that it was in any way harmful). The transcript indicates that the trial court pointed out to both parties that the cross-complaint, in which Mays contended for the first time that "Line B" should be moved to correspond to the "Churchwell plat," had not been timely filed. See OCGA § 9-11-13. Moreover, the transcript reveals that, immediately after uttering the sentence which appellant enumerates as error, the court continued: "I will sustain that motion and I will leave the counterclaim in the record for purposes of appeal, but it has not been filed with the permission of the court, and the court will specifically disapprove the filing of it . . . As fast as we get an issue joined on one thing[,] Mr. Mays changes it to something else." The transcript further reveals that the above exchange took place outside the presence of the jury.

We find no merit in appellant's enumeration.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided May 8, 1989 —
Rehearing denied May 22, 1989 — 

Robert Mays, *pro se.*
William E. Cannon, Jr., for appellees.