A89A2289. NEAL v. MILLER.
(390 SE2d 125)

McMURRAY, Presiding Judge.

This is a negligence action arising from a collision between a bicycle ridden by plaintiff Neal and an automobile operated by defendant Miller. Plaintiff appeals from a directed verdict in favor of defendant. *Held*:

" ' "A directed verdict is proper only where there is no conflict in

the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a)." (Cit.)' *Dependable Equip. &c. Co. v. Nursecare of Atlanta*, 184 Ga. App. 136, 137 (361 SE2d 23) (1987)." *Southern Bell Tel. &c. Co. v. Conyers Toyota*, 190 Ga. App. 792 (1), 793 (380 SE2d 296). See also *Mays v. Daniels*, 191 Ga. App. 618, 619 (382 SE2d 636).

On April 23, 1986, the date of the collision, plaintiff was nine years of age. Plaintiff and a friend were riding their bicycles on the streets of a residential neighborhood when they saw a steep driveway and decided to ride down it. Plaintiff and his friend walked their bicycles up the driveway. Plaintiff's friend rode down first. Then, plaintiff rode his bicycle down the driveway and collided with defendant's automobile in the street.

Plaintiff testified that when he started down the driveway, he moved slowly at first and looked through some of the trees, which extended along the right side of the driveway, but didn't see an automobile coming. However, on cross-examination plaintiff conceded that it was not really possible to see through the trees to see if an automobile was coming. About halfway down the driveway plaintiff increased his speed and rode on down the driveway and into the street where the collision occurred. Plaintiff also stated that he looked a little bit to the right, but mostly looked straight ahead as he rode, that he did not stop before entering the street and that he did not see defendant's automobile prior to the collision.

Defendant testified that she was driving home when she approached a group of children on the right side of the road, so she slowed down to approximately 15 miles per hour and moved toward the left side of the road as she went around the group. As defendant resumed her progress and was moving back to the right side of the street plaintiff "shot out of the driveway" on the left side of the street. When defendant saw plaintiff she immediately put on her brakes and came to a stop. Defendant testified that she had thought she stopped in sufficient time to avoid plaintiff, but that he struck the left side of her automobile. Defendant further testified she "thought [she] had time to stop, but you're never quite sure of the stopping distance of a vehicle. . . ."

"A directed verdict is authorized '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' OCGA § 9-11-50 (a). 'Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence.' (Citations and punctuation omitted.) *Collins v. Ralston & Ogletree, Inc.*, 186 Ga. App. 583, 584 (367 SE2d 861) (1988). 'Where

(as here) plaintiff simply fails to prove his case, the direction of a verdict is proper.' (Citations and punctuation omitted.) Id. at 585." *Clayton v. Larisey,* 190 Ga. App. 512, 514 (379 SE2d 789). See also *Douse v. Smith,* 186 Ga. App. 166 (366 SE2d 791); *Johnson v. Ellis,* 179 Ga. App. 343, 345 (346 SE2d 119); *Griffin v. Campbell,* 112 Ga. App. 420, 421 (3), 422 (145 SE2d 659).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1990.

*Floyd, Jones & Ware, Thomas F. Jones, Serena L. Sparks,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Robin L. Frazer,* for appellee.