## A94A0795. STRICKLAND v. HOWARD.
### (447 SE2d 637)

SMITH, Judge.

Freddie Lee Howard, a farm employee, brought this action against his employer, Paul Strickland, seeking recovery for an eye injury allegedly resulting from Strickland's negligence.[1] On the trial of the case, a jury found in favor of Howard, and Strickland appeals.

1. Strickland contends the trial court erred in failing to grant his motion for directed verdict. "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. . . . Where there is 'some evidence,' or 'any evidence' supporting the respondent's assertions, disputed issues are created which are for the jury's resolution." (Citations and punctuation omitted.) *Jones v. Abel*, 209 Ga. App. 889, 890 (2) (434 SE2d 822) (1993). Construed most strongly to support the jury's verdict, the evidence showed that Strickland, a farmer, purchased a tract of land and employed Howard to clean it up. The clearing was done with a rotary cutter towed by a tractor and supplied with power from the tractor by means of a "power takeoff" or "PTO." The tractor was an older model, and its clutch was worn to the point that the PTO could not be engaged or disengaged without turning off the tractor motor. The evidence is uncontroverted that Howard was aware of this clutch problem. Howard acknowledged he was aware of the propensity of a rotary cutter to throw objects. He also acknowledged he did not read the warnings printed on the rotary cutter itself.

When Howard reported to work on the afternoon of the incident, Strickland accompanied him to a former peach orchard that needed clearing, but Strickland did not inspect the area to be cleared before beginning work. Howard, driving the tractor and towing the rotary

---

[1] The provisions of the Georgia Workers' Compensation Act do not apply to "farm laborers." OCGA § 34-9-2 (a).

cutter, approached an old fence, and Strickland motioned to him to turn. As he made the turn or shortly thereafter, Howard heard the rotary cutter make an unusual noise. He turned to look without shutting off the tractor, and something struck him in the eye, lacerating his cornea. Later inspection revealed a pile of fence posts and wire concealed in the weeds and brush. Strickland and Howard both denied any prior knowledge of the presence of the posts and wire, and both testified they were not visible from the ground or the tractor.

Howard makes two contentions regarding Strickland's duty as a master to furnish a safe place to work. First, he contends that Strickland violated his duty to provide a safe place to work by failing to inspect for hidden defects the field where Howard was working. Second, he contends that Strickland violated his duty under OCGA § 34-7-20 to furnish safe machinery because of the defect in the tractor PTO. As discussed in Division 2, infra, we find that no jury issue existed as to Strickland's duty to furnish safe machinery under OCGA § 34-7-20. However, a jury issue was presented as to a breach of Strickland's duty to inspect the workplace for hazards, and the court therefore properly allowed the issue of Strickland's negligence to go to the jury.

" "The duty of ordinary care that a patron owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. [Cit.]' " *Tect Constr. Co. v. Frymyer*, 146 Ga. App. 300, 302 (1) (246 SE2d 334) (1978). "As to such, the owner has a duty to exercise ordinary care in keeping the premises safe. [Cits.] This includes 'a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.' [Cits.]" *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). " 'If the defect is latent, the master would be bound to discover the fact sooner than the servant, because the duty of inspection rests upon the master and not on the servant . . . the master owes to the servant the duty of inspection.' [Cits.]" *Rogers v. Bragg*, 117 Ga. App. 295, 297 (160 SE2d 217) (1968).

The law requires the diligence of an ordinarily prudent person in making the premises safe, *Barksdale*, 203 Ga. App. at 185, and issues of diligence, negligence, and contributory negligence are issues for jury determination except in plain and indisputable cases. *Johnson v. Ray*, 206 Ga. App. 262, 263 (1) (424 SE2d 892) (1992). Strickland was present on the site and undertook to direct Howard in his cutting of the field. There was also evidence that some debris was visible in the field, such as the old fence, an electric fence, a partially built barn, and other piles of lumber. Therefore, a jury question existed as to whether Strickland breached his duty to examine the field for other,

similar debris that reasonably might be expected to lie hidden in the weeds and brush.

2. Strickland also complains that the trial court's charge on OCGA § 34-7-20 was not adjusted to the evidence. The trial court instructed the jury on Strickland's duty to provide a safe place to work and to warn an employee with respect to any dangers incident to the work, then separately instructed the jury with respect to Strickland's duty to furnish safe machinery under OCGA § 34-7-20. That Code section provides: "The employer . . . shall use [ordinary] care in furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery or dangers incident to an employment, which defects or dangers the employer knows or ought to know but which are unknown to the employee, then the employer shall give the employee warning with respect thereto."

A companion Code section, OCGA § 34-7-23, explicitly provides: "In actions for injuries arising from the negligence of the employer in failing to comply with the duties imposed by Code Section 34-7-20, in order that the employee may recover it must appear that the employer knew or ought to have known . . . *of the defects or danger in the machinery supplied*; and it must also appear that the employee injured did not know and had not equal means of knowing such fact and by the exercise of ordinary care could not have known thereof." (Emphasis supplied.)

There was no basis for a recovery for furnishing defective machinery under OCGA § 34-7-20, because the evidence is uncontroverted that Howard had equal knowledge of the defect in the tractor PTO. His claim is barred by the plain language of OCGA § 34-7-23. See *Clayton v. Larisey*, 190 Ga. App. 512 (379 SE2d 789) (1989). The trial court's separate instruction with regard to liability for furnishing defective machinery under OCGA § 34-7-20 was not adjusted to the evidence and therefore was erroneous.

"An inapplicable charge, even though it is a proper statement of the law, may still constitute harmful error. A determination of whether an inapplicable charge had a harmful effect in a given case is not dependent upon phraseology, but upon whether it is likely that the inapplicable charge misled the jury and affected the verdict. By giving a charge on an inapplicable principle of law, the trial court can mislead the jury into the erroneous belief that it would be authorized, under the evidence, to find the facts to which that inapplicable charge refers and to return its verdict based upon a legal theory that is, in reality, not supported by the evidence of record. . . . If by the instructions the jury might reasonably be drawn away from the true issues in dispute to the prejudice of parties, the giving in charge of such inapplicable principles would be reversible error. An instruction

as to the law on a material issue which is unauthorized by the evidence is improper, and, if it is not apparent that the jury could not have been misled thereby, it is cause for a new trial." (Citations and punctuation omitted.) *John D. Robinson Corp. v. Southern Marine &c. Co.*, 196 Ga. App. 402, 408-409 (14) (395 SE2d 837) (1990). Taken in conjunction with the instruction that a violation of OCGA § 34-7-20 constituted negligence per se,[2] it is apparent that the jury could have been misled by the inapplicable charge. The general verdict might well have been based, in whole or in part, on a finding that Strickland violated his duty to furnish reasonably safe machinery under OCGA § 34-7-20. For this reason, a new trial is required.

3. Strickland also complains that the charge on future earnings was not adjusted to the evidence. "Although in general, all future earnings or diminished future earnings are uncertain and difficult of ascertainment, this does not mean that a plaintiff should be denied a recovery. [Cit.] In order to recover, however, there must be evidence from which the jury can estimate, or reasonably infer the loss or decrease in the earning capacity. [Cit.] Where evidence is presented on the permanency of a plaintiff's injury, the effect of the injury on earnings, and the monetary amount thereof, a jury charge on the loss of future earnings is authorized. [Cit.]" *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (1) (436 SE2d 803) (1993). "The quantum of evidence sufficient to support a charge and resulting verdict for loss of wages need not be substantial or even direct. It is enough if there is slight evidence which may give rise to an inference from which lost wages as damages may be drawn and computed. [Cit.]" *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 844 (2) (351 SE2d 82) (1986). Howard presented evidence that he was earning $120 per week before the injury, that his injury was severe, and that it prevented him from working. The trial court did not err in charging the jury on future earnings.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JULY 8, 1994 —
RECONSIDERATION DENIED JULY 29, 1994.

*Reinhardt, Whitley & Wilmot, Glenn Whitley*, for appellant.
*Whelchel, Whelchel & Carlton, James C. Whelchel*, for appellee.

---

[2] We do not reach Strickland's contention that a violation of OCGA § 34-7-20 cannot constitute negligence per se. *A. F. King & Son v. Simmons*, 107 Ga. App. 628, 633 (7) (131 SE2d 214) (1963); but see *Teague v. Keith*, 214 Ga. 853, 854 (1) (108 SE2d 489) (1959).