A96A0747. SOUTHERN ORCHARD SUPPLY v. BOYER.

(472 SE2d 157)

SMITH, Judge.

This case arises out of injuries sustained by Benjamin Boyer when a metal pipe he was holding contacted high voltage wires. On May 3, 1993, Boyer was employed as a farm laborer by Southern Orchard Supply (Southern Orchard). He was assigned the task of replacing irrigation pipe that ran between two fields on opposite sides of a road. High voltage lines some 25 feet off the ground ran along the roadway. After debris was discovered in the pipe, Boyer and another worker attempted to clean it out. To force the debris out of

the pipe, which was 30 feet long, they raised it on its end. In so doing, the aluminum pipe came too close to one of the high voltage wires, and Boyer was injured. He brought this action against Southern Orchard alleging that Southern Orchard negligently failed to report work to be performed near the power lines and thus caused his injuries.

Southern Orchard moved for summary judgment on the grounds that Boyer had equal knowledge of the open and obvious danger posed by the power lines and failed to use ordinary care for his own safety. Evidence was presented that Boyer knew the high voltage lines ran overhead near where he was working. He was also aware of the danger posed by the wires if he approached them too closely. Although he contended he was being careful to avoid the wires, he also acknowledged that he could have moved the pipe to a different location farther from the power lines before attempting to clean out the debris. Despite his knowledge of the presence of the lines and the danger they posed, he and the other worker lifted one end of the pipe into the air near the high voltage lines. Boyer admitted that he was not looking up when he and the other worker were attempting to raise the pipe.

In his response to Southern Orchard's motion, Boyer contended that Southern Orchard failed to comply with the provisions of the "High-voltage Safety Act," OCGA § 46-3-30 et seq., regarding the reporting of certain work to be performed within ten feet of power lines. This failure, according to Boyer, was negligence per se and precluded summary judgment to Southern Orchard. The trial court denied Southern Orchard's motion, and we granted its application for interlocutory appeal. We conclude that the motion for summary judgment was erroneously denied and reverse.

Boyer has no claim against Southern Orchard under a premises liability theory. It is undisputed that Boyer had knowledge of the existence of the power lines and their potential danger. An employee who has knowledge of a hazardous condition equal to that of his employer cannot recover. "In an action by a servant against a master for alleged failure of duty on the part of the latter in not giving to the servant warning of a danger incident to his employment, it must appear that the master knew or ought to have known of the danger, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it." (Citation and punctuation omitted.) *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95, 99 (2) (303 SE2d 284) (1983) (physical precedent only as to Division 6). See also *Clayton v. Larisey*, 190 Ga. App. 512 (379 SE2d 789) (1989). Here, in spite of his knowledge of the high voltage wires and their danger, Boyer, without looking up, attempted to lift a long section of the aluminum pipe into

the air near the lines. He failed to exercise ordinary care for his own safety, and it was his own negligence that proximately caused his injury. This failure to exercise ordinary care is fatal to his claim. See *Ga. Power Co. v. Purser*, 152 Ga. App. 181 (262 SE2d 473) (1979); *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574 (436 SE2d 690) (1993) (plaintiff attempted to move tree despite adjacent power line, which he knew was dangerous; summary judgment to power company affirmed).

Obviously aware of these facts that preclude recovery, Boyer attempts to impose liability on Southern Orchard through the High-voltage Safety Act. OCGA § 46-3-33 does provide that a person or business intending to perform work within ten feet of a high voltage line must provide notice to the utilities protection center at least 72 hours prior to such work being performed and must guard against danger by undertaking certain measures prescribed in subsection (2). The Act, however, is directed only toward "those businesses, whether giant corporations or one-man concerns, whose *usual activities* would foreseeably bring their employees within close proximity to voltage lines." (Emphasis supplied.) *Savannah Electric & Power Co. v. Holton*, 127 Ga. App. 447, 451 (193 SE2d 866) (1972). See also *Johnson v. Richardson*, 202 Ga. App. 470 (414 SE2d 698) (1992). The kinds of activities intended to be covered under the Act "are not random or casual exposures to lines." *Savannah Electric,* supra at 450.

Here, Southern Orchard's business involved growing vegetables, which includes irrigating them. The installation of the pipes usually required that they be raised only 10-12 inches to connect one to the other, not 25 feet into the air. Although Boyer was in the vicinity of high voltage lines while replacing pipe and was injured, the only reason he came into contact with one of them was because he chose to attempt to raise a pipe near the line, without looking up at the line, rather than move to a different, safer location.

We note that *Buckner v. Colquitt EMC*, 206 Ga. App. 69 (424 SE2d 299) (1992), cited by Boyer, is distinguishable. In *Buckner* we stated, "One maintaining high tension lines must maintain them in such a manner and at such a location as not to injure persons who might reasonably be expected to come in contact with them." (Emphasis omitted.) Id. at 70. Boyer makes no claim against the power company maintaining the wires, but against his employer. Moreover, Southern Orchard had no reason to expect that, in a routine operation usually involving lifting pipes 12 inches off the ground, an employee would decide to stand a 30 foot pipe on end under a power line with full knowledge of the line's proximity. Boyer's exposure to the line was a "random or casual" one, not reasonably foreseeable by Southern Orchard, and the High-voltage Safety Act is not applicable.

Because Boyer had actual knowledge of the existence of the lines and failed to exercise ordinary care for his own safety and because Southern Orchard is not liable under the High-voltage Safety Act, the trial court erred in denying Southern Orchard's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 1996.

*Chambless, Higdon & Carson, Marc T. Treadwell, Swift, Currie, McGhee & Hiers, Christopher D. Balch*, for appellant.

*Emerson Carey, Jr.*, for appellee.