MILLER, Presiding Judge.
William McCormick was injured when a large rock fell from the bucket of the Bobcat he was operating and hit his knee after he deliberately parked the Bobcat on a sloped surface, overloaded the bucket with rocks, and then fully extended the Bobcat’s arm to dump the rocks. McCormick and his wife sued Cindy Fuller, Thomas Fuller, and Full Stride Farm, Inc. (“Full Stride Farm”) (collectively, “the Fullers”), on grounds of negligence, negligence per se, failure to train, failure to supervise, failure to maintain, vicarious liability, and loss of consortium.[1] The Fullers filed separate motions for summary judgment, which the trial court denied. The trial court granted a certificate of immediate review, and this Court granted the Fullers’ applications for interlocutory review. After a thorough review of the record, we reverse the denial of the Fullers’ motions for summary judgment because McCormick assumed the risk of injury as a matter of law.
*637 “On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party.” (Citation and punctuation omitted.) Kouacs v. Cornerstone Nat. Ins. Co., 318 Ga. App. 99 (736 SE2d 105) (2012).
So viewed, the evidence shows that, from 1999 through 2013, McCormick was a full-time employee at Full Stride Farm, a small family enterprise that was owned and run by Cindy Fuller (“Cindy”). McCormick also worked for Thomas Fuller (“Thomas”) on a personal basis, running errands such as taking out the trash and mowing the lawn.
When McCormick first started his employment at Full Stride Farm in 1999, he was asked to use a Bobcat to complete various tasks on the farm. The Bobcat had a roof and side cages for protection, and the cockpit of the Bobcat contained several warning signs, including: “carry load low, avoid steep slopes and high speed turns, never carry more than 1700 pounds,” and “avoid overturn.” Although the Fullers never formerly trained McCormick regarding how to use the Bobcat, McCormick used this Bobcat on a regular basis without incident for the next thirteen years.
On September 8, 2012, the Fullers asked McCormick to use the Bobcat to move large rocks, dirt, and roots from a demolition site into the back of a dump truck. McCormick decided where to park the dump truck and how to load the rocks from the Bobcat into the truck. Specifically, McCormick decided to park the Bobcat on lower ground, below the dump truck, which then required him to fully extend the arm of the Bobcat ten to twelve feet off of the ground in order to load the rocks and other debris into the truck. McCormick overloaded the bucket with rocks sticking up approximately four inches above the edge of the bucket, even though he was aware that doing so could cause the rocks to fall out. As McCormick lifted the overloaded bucket, it struck the edge of the dump truck and one of the rocks tumbled out. The rock struck McCormick’s left knee, which was slightly protruding out from the front of the Bobcat. As a result of his injuries, McCormick required knee replacement surgery, and he has suffered chronic knee pain since the accident.

Case No. A16A1521

1. In Case No. A16A1521, Cindy Fuller and Full Stride Farm argue that the trial court erred in denying their motion for summary judgment because McCormick assumed the risk of injury as a matter of law. We agree.
*638 “To recover for injuries [allegedly] caused by another’s negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages.” (Citation and punctuation omitted.) Webb v. Day, 273 Ga. App. 491, 494 (3) (615 SE2d 570) (2005). In his complaint, McCormick alleged that the Fullers were negligent for, among other reasons, failing to train him on the use of the Bobcat.
McCormick is correct insofar as it is well settled that an employer is obligated to train employees on the use of equipment, and it is undisputed that McCormick did not know how to use the Bobcat when he was hired, and the Fullers did not provide any training.[2] See Moore v. Dublin Cotton Mills, 127 Ga. 609, 617 (56 SE 839) (1907). However, even if the Fullers breached their duty by failing to train McCormick, he is nonetheless barred from recovering in tort because he assumed the risk of injury as a matter of law. See Vaughn v. Pleasent, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996) (assumption of the risk bars recovery on a negligence claim).
(a) Under Georgia law, assumption of the risk provides a complete defense to liability and bars recovery where the “plaintiff himself is negligent in such a way that his own negligence is the sole proximate cause” of his injury. (Citation and punctuation omitted.) Sapp v. Effingham County Bd. of Ed., 200 Ga. App. 695, 696 (1) (409 SE2d 89) (1991). “Although assumption ofthe risk is ordinarily a jury question, in plain, palpable, and indisputable cases resolution of the issue by a jury is not required.” (Citation and punctuation omitted.) Fowler v. Alpharetta Family Skate Center, 268 Ga. App. 329, 331 (3) (601 SE2d 818) (2004); see also Robinson v. Kroger Co., 268 Ga. 735, 739 (1) (493 SE2d 403) (1997) (summary judgment proper in plain and palpable cases).
When a motion for summary judgment is premised on the affirmative defense of assumption of the risk, the defendants bear the initial burden of proof to come forward with evidence sufficient to establish “that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.” (Citation omitted.) Vaughn, supra, 266 Ga. at 864 (1); see also Christian v. Eagles Landing Christian Academy, 303 Ga. App. 113 (1) (692 SE2d 745) (2010). In assessing whether defendants have met this burden, we apply a subjective standard “geared to the particular plaintiff and his situation, rather than that of a reasonable person of ordinary prudence.” (Citation and punctuation omitted.) Muldovan v. McEachern, *639 271 Ga. 805, 808 (2) (523 SE2d 566) (1999). Here, the record clearly shows that the Fullers have met their burden.
(i) McCormick’s actual knowledge of the open and obvious danger
“Knowledge of the risk is the watchword of assumption of the risk, and means both actual and subjective knowledge on the plaintiff’s part.” (Citations and punctuation omitted.) Muldovan, supra, 271 Ga. at 808 (2). Nevertheless, in some cases, a plaintiff’s assumption of the risk can be implied from facts showing that he was aware of the risk. Tennison v. Lowndes-Echols Assn. for Retarded Citizens, 209 Ga. App. 343, 344 (433 SE2d 344) (1993) (plaintiff assumed risk where he climbed on top of a pallet of lumber positioned on a forklift, the lumber shifted while he was standing on it, and he knew that the forklift carrying the load of lumber upon which he was standing could turn over and cause him to fall). This is because “[a] person cannot undertake to do what is obviously a dangerous thing and at the same time avoid the responsibility for the self-assumed risk.” First Pacific Mgmt. Corp. v. O’Brien, 184 Ga. App. 277, 281 (361 SE2d 261) (1987).
In this case, the danger arising from McCormick’s conduct was obvious. First, McCormick had actual knowledge of the open and obvious danger caused by fully extending the arm of the Bobcat overhead while the bucket was overloaded with heavy rocks. Indeed, he admitted as much in his testimony, when he stated that he knew “something could happen” if he “work[ed] the bucket that high.” Second, not only was the lack of front cage protection to guard against falling objects visible and obvious, but the Bobcat also contained warning signs that cautioned McCormick against the action he undertook. See Desai v. Silver Dollar City, 229 Ga. App. 160, 165 (3) (493 SE2d 540) (1997) (summary judgment warranted where plaintiff ignored warning signs until she was injured).
(ii) McCormick subjectively understood and appreciated the risks
McCormick admitted that he subjectively appreciated the risk of overloading the Bobcat’s bucket and fully extending the arm in this manner. After using this Bobcat for thirteen years without incident, on the day of the accident, McCormick deliberately chose to have the dump truck, which had sides well-above ten to twelve feet off of the ground, parked on top of a three to four foot slope. McCormick admittedly knew that he would be lifting large and heavy rocks and that he overloaded the bucket with two to four inches of rock visible above the rim.
Moreover, McCormick admitted that he was concerned for his safety when he extended the arm of the Bobcat bucket above the high wall of the dump truck. Specifically, McCormick admitted that he knew better than to load large mounds of dirt and rock that could stick up over the top of the bucket because he realized that rocks could *640 fall out that way. And he stated that he was “nervous” using the Bobcat with the arm extended as high as it was under the circumstances because he feared “something could happen.”
When a person admits knowledge of the risk caused by his own conduct, even if the risk manifests itself differently than he expected, that person has assumed the risk of injury. See Kroger Co. v. Williams, 257 Ga. App. 833, 834-835 (572 SE2d 316) (2002) (summary judgment proper where the plaintiff was injured when a pallet of milk crates fell on him while he was assisting another employee unload the crates because the plaintiff knew that milk fell during the unloading process all the time and thus he had the requisite subjective knowledge).
(iii) McCormick voluntarily exposed himself to those risks
As noted, McCormick decided where to park the dump truck, even though he understood that this required him to fully extend the Bobcat’s arm. Additionally, McCormick admittedly ignored warning signs in the cab of the Bobcat instructing users to “carry load low, avoid steep slopes and high speed turns.” Moreover, in his deposition, McCormick admitted that there was no malfunction or problem with the Bobcat that caused the rock to fall out. Although McCormick argues that he was coerced into moving the rocks in this manner, the record reflects that he alone chose where to park the dump truck and how to use the Bobcat.
(b) The Fullers have thus come forth with evidence to show that McCormick assumed the risk of injury as a matter of law on the day of the accident. The burden then shifted to McCormick to “come forward with some evidence that shows a genuine, disputed issue of fact as to some element of the affirmative defense.” (Citation omitted.) Kane v. Landscape Structures, 309 Ga. App. 14, 16 (709 SE2d 876) (2011). McCormick failed to meet this burden of production because he pointed to nothing in the record to raise a genuine issue of fact with regard to his assumption of the risk.
In an affidavit submitted in response to the Fullers’ motions for summary judgment, McCormick stated that he had never used the Bobcat in this manner before, he did not know that he needed to use it differently, and he was unaware of the risk of rocks falling out. In his affidavit, McCormick feigned ignorance of the open and obvious danger. However, McCormick admitted in his deposition that he knew he was engaged in dangerous behavior and that he “had enough sense to know” that overloading a bucket of rocks up high would cause the rocks to fall on him. McCormick further admitted in his deposition that he knew “something could happen” if he used the Bobcat in the manner he did on the day of the accident. Nevertheless, he admitted that he loaded the bucket in such a way that large rocks were sticking up as much as four inches above the edge of the bucket *641 and that he had to fully extend the Bobcat’s arm overhead to dump the contents of the bucket. Because McCormick’s affidavit directly contradicts his deposition testimony without offering any explanation for the contradiction, the trial court should have, but failed to, discount McCormick’s affidavit testimony under the Prophecy rule. See Hayward v. Kroger Co., 317 Ga. App. 795, 798-799 (3) (a) (733 SE2d 7) (2012).
Absent McCormick’s self-serving affidavit, McCormick has failed to point to any evidence to meet his burden to demonstrate a genuine issue of material fact with respect to his assumption of the risk. McCormick’s voluntary decision to lift the overloaded bucket of large rocks high up while on a slope, in the face of warning signs, even though he actually and subjectively knew a rock could fall out and hit him, is fatal to his claim. See Desai, supra, 229 Ga. App. at 165 (3).
We recognize that the majority of cases in this Court addressing assumption of the risk conclude that this issue is better left to the jury However, where, as here, the issue is “plain, palpable, and indisputable,” summary judgment is appropriate. (Punctuation omitted.) Fowler, supra, 268 Ga. App. at 331 (3). The Fullers have met their burden to show that McCormick knowingly and voluntarily assumed the risk of injury, and McCormick has failed to meet his burden to defeat the affirmative defense of assumption of the risk. Accordingly, the Fullers are entitled to summary judgment as a matter oflaw. See, e.g., Sones v. Real Estate Dev. Group, 270 Ga. App. 507, 508-509 (1) (606 SE2d 687) (2004) (affirming summary judgment based on assumption of the risk where workers were in a box/wooden platform being lifted by a forklift at night and they were injured when the forklift tilted and knocked them to the ground, and this Court found that there was an obvious risk that the platform could move, the plaintiff was aware that he was not tied off as a safety precaution, and this was the second time the plaintiff had used the work platform).
“It defies both logic and our law to permit a recovery under this evidence.” Desai, supra, 229 Ga. App. 165 (3). Accordingly, the trial court erred when it denied the Fullers’ motions for summary judgment on the ground of assumption of the risk, and McCormick is not entitled to recover on any of his tort claims.
2. McCormick’s wife’s loss of consortium claim is dependent on her husband’s right to recover. Sewell v. Dixie Region Sports Car Club of America, 215 Ga. App. 611, 613 (2) (451 SE2d 489) (1994). Having concluded that McCormick assumed the risk of his actions, he cannot recover, and, therefore, his wife’s loss of consortium claim fails as well. Id.

*642
Case No. A16A1522

3. In light of our conclusion in Division 1 that McCormick assumed the risk of injury and that the Fullers were entitled to summary judgment, we need not address Thomas’s arguments as to causation.

Judgment reversed. Branch, Mercier, Reese, and Bethel, JJ., concur.

Ellington, P. J., Dillard, P. J., and McMillian, J., concur in judgment only. McFadden, P. J., dissents.

 Although McCormick stated in his deposition that he had a pending workers’ compensation claim, there is no evidence of this claim in the record.

 McCormick never requested training and did not ask for assistance because he assumed that if Cindy, a female, could operate the Bobcat, he could as well.