**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 26, 2017**

# In the Court of Appeals of Georgia

A17A1312. SMITH v. FOUND et al.                    DO-051

A17A1313. FOUND et al. v. SMITH.                   DO-052

DOYLE, Judge.

Jose Santiago Espinoza, also known as Jose Ornelas (hereinafter "Ornelas"), a farm employee, died when he was pinned under a tractor tire while trying to remove it. Ornelas's wife, Alda Jean Found (hereinafter, "the plaintiff"), individually and as administratrix of Ornelas's estate, filed a negligence action against Mike Smith ("Mike"), who owned the farm that employed Ornelas, and John Smith, Jr. ("John"), Mike's son who owned a separate farm at the same location.[1] The parties filed cross-motions for summary judgment, and following a hearing, the trial court entered an

---

[1] The plaintiff also named as defendants Cummings Smith (Mike's father) and John Smith Farms, LLC (John's farm), but she later dismissed them without prejudice, and they are not parties to this appeal.

order: denying the plaintiff's motion for partial summary judgment; granting John's motion for summary judgment; and denying Mike's motion for summary judgment. In Case No. A17A1312, Mike appeals the denial of his motion for summary judgment; in Case No. A17A1313, the plaintiff appeals the grant of summary judgment to John. For the reasons that follow, we reverse in Case No. A17A1312, and we affirm in Case No. A17A1313.

"'On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party.'"[2]

So viewed, the record shows that Mike's farm was located in Broxton, Georgia. Two other entities farmed at the same location: John, individually, and John Smith Farms, LLC. Although the three entities shared equipment and were located on the same property, they were legally separate. Ornelas worked for Mike intermittently beginning in the early 1990s. Mike trained him and controlled the time, manner, and method of his work; he did, however, give John the authority to supervise and direct

---

[2] *Fuller v. McCormick*, 340 Ga. App. 636, 637 (798 SE2d 280) (2017), citing *Kovacs v. Cornerstone Nat. Ins. Co.*, 318 Ga. App. 99 (736 SE2d 105) (2012). See also OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

Ornelas. Neither John nor John Smith Farms, LLC, employed Ornelas or had authority to hire or fire him.

On November 14, 2013, John gave Ornelas several tasks, including instructing him to remove dual wheels from a 4560 John Deere tractor. John did not tell Ornelas to complete the job by a specific time, but he did instruct him specifically not to remove the wheels by himself.

Winton Highsmith, John's father-in-law, who was not employed by Mike, was present when Ornelas started removing the wheels. Highsmith was looking after his granddaughter that morning and was at the barn with her at a swing set. Highsmith and his granddaughter left to drive around the blueberry patch, but before they left, Highsmith told Ornelas to leave the tractor alone and that he would return in a "little bit." When he returned, however, Ornelas had already removed the left tire and wheel without incident using a forklift and other tools.

Ornelas then picked up the right side of the tractor with an air jack and attempted to remove the right wheel, but it would not come off. He also attempted several other methods to remove the wheel, including using the fork lift to bump the tire, hooking a chain to it and pulling, putting the air jack between the rims of the wheels, and driving the tractor around until the wheel feel off. According to

3

Highsmith, Ornelas worked on the project for approximately three and a half to four hours. Eventually, at Ornelas's request, Highsmith brought him a hydraulic jack owned by Highsmith. Highsmith then left to help his daughter with a task at her house approximately a half mile away, first telling Ornelas, "[B]e careful, I'll be right back. Give me a minute." When Highsmith returned approximately 18 minutes later, he found Ornelas on the ground under the tire, dead.

The plaintiff sued Mike and John, claiming they were negligent by (1) providing Ornelas with defective equipment and tools; (2) failing to provide Ornelas with a safe work environment, (3) failing to train Ornelas on the proper way to remove dual wheels, and (4) failing to inspect and maintain the equipment. The parties filed cross-motions for summary judgment. Following a hearing, the trial court: denied the plaintiff's motion for partial summary judgment; granted summary judgment to John; and denied Mike's motion for summary judgment. The order was brief and offered no basis for the ruling other than concluding that there was no genuine issue of material fact as to John's summary judgment motion. The trial court certified its decision for immediate review, and this Court granted Mike's application for interlocutory appeal.

1. Mike contends the trial court erred by denying his motion for summary judgment because there was no proof of negligence and because Ornelas's knowledge of any alleged defect or hazard in the tire and tools was equal or superior to his.

(a) *Negligence based upon violations of applicable regulations*. "To recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages."[3] "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence."[4]

The plaintiff contends that Mike was negligent by violating several regulations of the United States Occupational Safety & Health Act of 1970[5] ("OSHA") and that such violations are evidence of a breach of duty.[6] Pretermitting whether Mike was

---

[3] (Punctuation omitted.) *Webb v. Day*, 273 Ga. App. 491, 494 (3) (615 SE2d 570) (2005).

[4] (Punctuation omitted.) *Clayton v. Larisey*, 190 Ga. App. 512, 514 (379 SE2d 789) (1989), quoting *Collins v. Ralston & Ogletree, Inc.*, 186 Ga. App. 583, 584 (367 SE2d 861) (1988).

[5] 29 USCS § 651 et seq.

[6] Specifically, the plaintiff alleges that Mike violated: 29 USCS § 654 (the "general duty clause" requiring employers to "furnish to each of his employees

subject to OSHA regulations and/or whether he violated them, however, the alleged violations do not preclude summary judgment to Mike.

The plaintiff is correct that OSHA regulations are "evidence of legal duty, violation of which may give a cause of action under OCGA § 51-1-6."[7] Nevertheless, even assuming that Mike breached a duty to train Ornelas and/or to otherwise comply with OSHA regulations, the plaintiff cannot recover because Ornelas assumed the risk of injury as a matter of law.

> Under Georgia law, assumption of the risk provides a complete defense to liability and bars recovery where the [injured party] himself is negligent in such a way that his own negligence is the sole proximate cause of his injury. Although assumption of the risk is ordinarily a jury

---

employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees"); 29 CFR § 1928.57 (a) (6) (requiring that "[a]t the time of initial assignment and at least annually thereafter, [a farm] employer shall instruct every employee in the safe operation and servicing of all covered equipment with which he . . . will be involved . . ."); 29 CFR §§ 1910.177 (c), (d), (f), & (g) (requiring employees to provide and require training, specific tools, manuals, safe operating procedures, a restraining device, and deflation of tires before servicing certain wheels on tractors).

[7] (Punctuation omitted.) *Baker v. Harcon, Inc.*, 303 Ga. App. 749, 752 (a) (694 SE2d 673) (2010), quoting *Cardin v. Telfair Acres of Lowndes County*, 195 Ga. App. 449, 450 (2) (393 SE2d 731) (1990).

question, in plain, palpable, and indisputable cases resolution of the issue by a jury is not required.[8]

With regard to a claim of assumption of the risk asserted in response to a summary judgment motion,

> the defendant[] bear[s] the initial burden of proof to come forward with evidence sufficient to establish that the [injured party] (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. In assessing whether [a] defendant[ has] met this burden, we apply a subjective standard geared to the particular [injured party] and his situation, rather than that of a reasonable person of ordinary prudence.[9]

Here, Mike has met his burden. Despite being instructed not to attempt the task alone, Ornelas attempted to remove a very large tractor tire by himself. He successfully removed the right tire before spending hours attempting to remove the left one, using various methods of force and tools, including a hydraulic jack not

---

[8] (Citation and punctuation omitted.) *Fuller v. McCormick*, 340 Ga. App. 636, 638 (1) (a) (798 SE2d 280) (2017).

[9] (Citations and punctuation omitted.) Id., quoting *Muldovan v. McEachern*, 271 Ga. 805, 808 (2) (523 SE2d 566) (1999), and *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996).

provided by Mike. Given his many years of experience doing farm work and after spending hours unsuccessfully attempting to remove the heavy and unwieldy tractor tire on his own, it is clear that Ornelas appreciated the risks associated with attempting to remove the tire alone, using various methods of force, and neverthless proceeded to do so.[10] Based on this evidence, Mike showed that Ornelas assumed the risk of injury, and the plaintiff has failed to provide any evidence to raise a genuine issue of fact with regard to Ornelas's assumption of the risk.

> We recognize that the majority of cases in this Court addressing assumption of the risk conclude that this issue is better left to the jury. However, where, as here, the issue is plain, palpable, and indisputable, summary judgment is appropriate. [Mike has] met [his] burden to show that [Ornelas] knowingly and voluntarily assumed the risk of injury, and [the plaintiff] has failed to meet [her] burden to defeat the affirmative defense of assumption of the risk. Accordingly, [Mike is] entitled to

---

[10] See *Sones v. Real Estate Dev. Group*, 270 Ga. App. 507, 508-509 (1) (606 SE2d 687) (2004) (holding that assumption of the risk barred employee's claims after he was injured when he was knocked off of platform being lifted by a forklift because after "two prior nights' use of the forklift and work platform with no guard rails or tie-offs and operating the forklift in darkness, [the employee] was aware of and appreciated both actually and subjectively the risk of injury by falling off the forklift").

summary judgment as a matter of law [on the plaintiff's negligence claim].[11]

(b) *Duty to provide safe machinery and equipment pursuant to OCGA § 34-7-20*. Similarly, Mike is also entitled to summary judgment for the plaintiff's claims under OCGA § 34-7-20, which provides that an

> employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency; he shall use like care in furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery or dangers incident to an employment, which defects or dangers the employer knows or ought to know but which are unknown to the employee, then the employer shall give the employee warning with respect thereto.

Read in conjunction therewith, OCGA § 34-7-23, provides:

An employee assumes the ordinary risks of his employment and is bound to exercise his own skill and diligence to protect himself. In actions for injuries arising from the negligence of the employer in failing to comply with the duties imposed by Code Section 34-7-20, in order that the employee may recover, it must appear that the employer knew or ought to have known of the incompetency of the other employee or

---

[11] (Citation and punctuation omitted.) *Fuller*, 340 Ga. App. at 641 (1) (b).

9

of the defects or danger in the machinery supplied; and it must also appear that the employee injured did not know and had not equal means of knowing such fact and by the exercise of ordinary care could not have known thereof.

Thus, "[a]n employee who has knowledge of a hazardous condition equal to that of his employer cannot recover."[12] And, in an action alleging that an employer breached his duty to warn of a danger incident to the employee's job, "it must appear that the [employer] knew or ought to have known of the danger, and that the [employee] injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it."[13]

Here, any alleged defects in the tractor tire or in removing it were known to Ornelas. Despite John's admonition to the contrary, Ornelas attempted to remove the tire alone. He spent hours attempting to do so, encountering difficulty, and he used various methods and tools to remove it before he apparently finally did so using a tool not provided by Mike. There is no evidence that Mike was aware that Ornelas tried

---

[12] (Punctuation omitted.) *S. Orchard Supply v. Boyer*, 221 Ga. App. 626, 627 (472 SE2d 157) (1996).

[13] (Punctuation omitted.) *Clayton*, 190 Ga. App. at 513, quoting *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95, 99 (303 SE2d 284) (1983).

10

to remove the tire alone; that Ornelas had difficulty doing so; or of the methods and tools Ornelas was using in his attempts. Under these circumstances, we conclude there was no evidence that Mike knew or should have known of the specific dangers Ornelas encountered in removing the tractor tire, and Ornelas was aware of the dangers. Because Ornelas had equal or greater knowledge of the hazardous condition, the plaintiff cannot recover against Mike.[14]

*Case No. A17A1313*

2. The plaintiff contends that the trial court erred by granting summary judgment to John, arguing that there are genuine issues of material fact regarding whether John employed Ornelas and/or John and Mike were engaged in a joint venture and that John can be held liable as the supervisor of Mike's farm. Pretermitting the merit of these arguments, the reasoning for our holding in Division 1 – that Mike is entitled to summary judgment – is equally applicable to the plaintiff's

---

[14] See *S. Orchard*, 221 Ga. App. at 628-629 (employee could not recover against employer because employee had actual knowledge of the high voltage wires and their danger and failed to exercise ordinary care for his own safety); *Strickland v. Howard*, 214 Ga. App. 307, 309 (2) (447 SE2d 637) (1994) (employee could not recover from employer for furnishing defective machinery because employee had equal knowledge of the defect in the tractor); *Clayton*, 190 Ga. App. at 514 (employee could not recover from employer because employee failed to use ordinary care for his own safety in repairing the tractor in an obviously dangerous manner).

11

claims against John. Accordingly, we affirm the trial court's grant of summary judgment to John.

*Judgment reversed in Case No. A17A1312 and affirmed in Case No. A17A1313. Miller, P. J., and Reese, J., concur*.